WILLIAMS *v.* SAVANNAH, FLORIDA & WESTERN RWY. CO.

1. A deed which bounds on one side the property conveyed "by the Savannah, Albany & Gulf railroad, or Atlantic & Gulf railroad as otherwise known," the deed being made after that road was constructed, is to be construed *prima facie* as not embracing any premises which belonged, at the date of the deed, to the railroad corporation, whether its title comprehended the whole fee or only the right of way. But no presumption arises from the bare fact that the corporation was authorized by its charter to acquire along its whole line a right of way extending seventy-five feet on either side from the center line of its track, that it actually acquired that much or any more than it occupied with its track and what was necessary for the construction, maintenance and use thereof, or so much as was actually used by the exercise of exclusive dominion over it.

2. Under the evidence in the record, it was a question for the jury whether the deed on which the plaintiffs relied covered the premises in dispute or not, taking into consideration the acts of ownership exercised by the parties respectively, and all the circumstances attending the same.

3. While the personal representatives of a plaintiff in ejectment who dies pending a suit, and not his heirs, are the proper persons to succeed him in that suit, yet after the heirs have been made parties by order of the court, so long as this order is not reversed or vacated the heirs may recover if the personal representatives could, had they been made parties.        *Judgment reversed.*

April 30, 1894. Argued at the last term.

Complaint for land, etc. Before Judge SMITH. Ware superior court. April term, 1893.

On October 2, 1889, B. F. Williams brought his action against the Savannah, Florida & Western Railway Company, to recover a strip of land. He relied on a deed to himself from Lyon, executor of Martin, dated December 10, 1860, recorded June 29, 1861, conveying

315 acres of land lot 166 in the 8th district of Ware, formerly Appling county, bounded on the northwest side by the Savannah, Albany and Gulf railroad, or Atlantic and Gulf railroad as otherwise known (now the defendant's railroad), and on all other sides by the original boundary of said original survey; with possession claimed thereunder from the date thereof to the time of suing. The strip sued for is described in the declaration as a part of said 315 acres, "running from the mill branch on the southeast along and parallel with the track of the Savannah, Florida and Western railroad to the Brunswick & Western railroad on the northwest, having a length along said Savannah, Florida and Western railroad of seven hundred and fifty yards, more or less, and having width along said distance of from sixty to seventy feet, containing five acres of land, more or less, situated, lying and being in the town of Waycross, and county, district and State aforesaid." It was alleged that the defendant had entered on the land and inclosed this strip with fences. B. F. Williams died after the suit was brought, and an order was taken making all his heirs at law parties plaintiff "suing for the use of Sarah F. Williams," and by subsequent amendment the words quoted were stricken. At the close of plaintiffs' evidence, defendant moved for a nonsuit on the grounds: (1) that the plaintiffs as heirs at law were not the proper parties to the suit, but the administrator was the proper party; (2) that the evidence was not sufficient to authorize a recovery by plaintiffs. The nonsuit was granted, and plaintiffs excepted. There was considerable testimony, which need not be recited, as to possession and acts of ownership by B. F. Williams, touching the strip in controversy.

G. J. HOLTON & SON and J. S. WILLIAMS, for plaintiffs.

ERWIN, DUBIGNON & CHISHOLM, S. W. HITCH, S. T. KINGSBERY and GOODYEAR & KAY, for defendant.