### 43268. BOSSON v. BOSSON.

WHITMAN, Judge. Where a judgment has been fully satisfied by payment it is axiomatic that an execution based on it is a nullity. *Lenett v. Lutz*, 215 Ga. 369, 370 (110 SE2d 628). In

such cases an affidavit of illegality may be interposed. *Code* § 39-1001.

If an affidavit of illegality is interposed to an execution and levy, the plaintiff, if he desires, may controvert the facts contained in the affidavit, in which case an issue shall be joined and tried. If no issue is joined the court must "determine thereon," i.e., "determine the case on the face of the record, from an inspection of the execution and the affidavit of illegality." *Thompson v. Fain,* 139 Ga. 310, 311 (77 SE 166); *Code* § 39-1006.

Vivian D. Bosson, appellant, caused a fi. fa. to be issued by the Superior Court of Jones County and levied upon certain personal property of J. F. Bosson to produce $1,900 allegedly owing by him for child support payments under a divorce decree of that court of August 29, 1963. J. F. Bosson, appellee, interposed an affidavit of illegality to the levy. The appellant neither traversed nor demurred to the affidavit.

The trial court found that: "[A]ll sums payable under the fi. fa. levied in this case have been paid by the defendant in fi. fa., either to the plaintiff in fi. fa., or to the Henry County Department of Family & Children Services, as custodian, or expended by defendant in fi. fa., for the support and maintenance of the minor children while held by him as custodian, under an order of the Judge´of the Juvenile Court of Henry County. . ." The recitals of the affidavit fully support the trial court's findings. "The recitals of fact in an affidavit of illegality must be taken as true, unless written traverse or joinder of issue be filed." *McLeod v. Bird,* 14 Ga. App. 77 (80 SE 207).

The appellant's four enumerations of error question the correctness of the trial court's decision. The appellee having averred full payment of the judgment, which must be taken as true in the absence of a traverse, and which is a proper ground for an affidavit of illegality, the trial court did not err in dismissing the fi. fa. and levy.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 3, 1968—DECIDED APRIL 12, 1968.

*G. Hughel Harrison,* for appellant.

*Bloch, Hall, Groover & Hawkins, Wilbur D. Owens, Jr.,* for appellee.