## 42290. DAVIS v. FAMBRO.
(334 SE2d 306)

HILL, Chief Justice.

Blanche Elliott Davis brought this declaratory judgment and injunction action against Charles Fambro seeking to keep him from encroaching upon 3 parcels of land she claimed as hers. The trial court granted partial summary judgment to Fambro as to one of these tracts and Davis appeals.

Crawford C. Elliott died in 1902. In Item 6 of his will, he left 94 acres to his granddaughter, Susie Harris, now Malone, specifically described as being bounded on the south by the Birmingham Rail and

Locomotive Company right of way, "for and during her natural life and at her death to her children if any, but if she dies without issue, then to revert to my estate and to be divided between my heirs at law. . . . Provided further that a tract of seven acres shall be reserved at such point on the Railroad as the Railroad Company may designate upon which to locate a station. This reservation is made upon information from the officers of the Railroad Company that it is the purpose of the Railroad Company to locate a station on my land. If such station should not be located during my life and the Railroad Company should desire to do so after my death, my Executors are hereby authorized to make such a trade by sale or otherwise with the Railroad Company as they may deem for the best, and the proceeds received from said tract of seven acres to go to and be equally divided between my children, Annie, Sammie, and Joseph B. Elliott." (The railroad never purchased the seven acres and, in fact, sold its right of way to Joseph B. Elliott, Crawford's son, in 1929.)

The other property involved in this case was acquired by Blanche Davis pursuant to another provision of Crawford Elliott's will. It is contiguous to that of Susie Harris Malone.

1. Blanche Davis, daughter of Sammie Elliott, claims title to the disputed property under the railroad station provisions of Item 6 of Crawford Elliott's will. There title was clearly conveyed to Susie Harris Malone and her children subject to a reservation which never occurred. The fact that Elliott's children were to receive the proceeds of any such sale to the railroad did not create in them any interest in the land itself. Thus Blanche Davis cannot claim title to the property under the will.

2. Nor may she claim it by adverse possession, for adverse possession cannot run against remaindermen until their rights become vested. E.g., *Harper v. Paradise*, 233 Ga. 194, 200 (210 SE2d 710) (1974), and cases cited; *Ham v. Watkins*, 227 Ga. 454, 457 (181 SE2d 490) (1971).

3. Davis also urges, however, that she is entitled to the property by acquiescence and agreement as to the boundary line. This agreement arose out of litigation between these parties in 1973.

In 1973, Susie Harris Malone and her daughter sought the trial court's permission to sell her interest and her daughter's contingent remainder in the land described in item 6 of Crawford Elliott's will to Charles Fambro. Crawford Elliott's heirs who were entitled to the reversion if the daughter predeceased Susie Harris Malone were named as parties in the suit. At that time, Blanche Davis objected to the sale upon the ground that the boundary line of Susie Harris Malone's property had always been a certain wire fence at least 250 feet north

of the railroad right of way.[1] Susie Harris Malone agreed in writing that the wire fence had indeed always been treated as the boundary line between their property. Based on the fact that no one objected to the sale as such, the trial court entered an order allowing it. The judgment recited, however, that the evidence supported the allegations of the complaint and that the allegations were true. These allegations included the statement that the boundary line was the railroad right of way. The court authorized Malone to sell the described tract to Fambro and the deed to Fambro followed the original description naming the railroad right of way as the boundary.

Davis has not attacked this judgment as required by OCGA § 9-11-60 (a): "[J]udgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." OCGA § 9-11-60 (f) requires that such attacks must be brought within 3 years of the judgment. Therefore, in light of this 1974 judgment, the trial court did not err in granting partial summary judgment to Fambro.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1985.

*Byrd & Anthony, Lovick P. Anthony, Jr.,* for appellant.
*Thomas M. Green,* for appellee.

---

[1] Davis did not object to the sale upon either of the grounds raised above.