43669. FAMBRO v. DAVIS.
(348 SE2d 882)

GREGORY, Justice.

Blanche Davis sued Charles Fambro in Crawford Superior Court seeking an injunction and declaratory relief. The dispute turned on ownership of certain land. The jury found in favor of Davis. We affirm in part and reverse in part.

A portion of the land in question was once a section of a 100-foot wide railroad right-of-way running through a large tract of land of C. C. Elliott. The will of C. C. Elliott, probated in 1902, devised a 94-acre tract bounded on the south by the railroad, to his granddaughter, Susie Harris Malone, for life with remainder to her children. Another 94-acre tract bounded on the north by the easterly portion (approximately one-half) of the railroad was devised to W. A. Elliott for life

with remainder in his children. C. C. Elliott's other land fell into the residue clause and passed to Sammie, Annie and J. B. Elliott for life, remainder to their children.

In 1922, the railroad ceased operations on the right-of-way and removed its tracks the following year.

In the 1950's, Susie Harris Malone acquired the 94-acre W. A. Elliott tract. In 1974 she, joined by her daughter, conveyed the fee in both 94-acre tracts to Charles Fambro.

After the death of the life tenants, fee simple title to the lands in the residuary vested in Blanche Davis and Hembree Elliott who were the children of Sammie Elliott. By deeds exchanged in 1946, they divided the residuary between them.

In this action Davis claims ownership of the old railroad bed plus a 14-acre parcel lying immediately to its north. Her contention is that she acquired ownership either as passing under the residue clause of the will or in the alternative through 20 years of adverse possession.

The trial court granted partial summary judgment to Fambro in favor of his title to the 14-acre parcel north of the right-of-way. We affirmed in *Davis v. Fambro*, 254 Ga. 737 (334 SE2d 306) (1985). The case was remanded to determine title to the land located within the railroad right-of-way. The jury found for Davis and judgment was entered in her favor.

1. Fambro first contends Davis has no claim to the property under the provisions of C. C. Elliott's will. He argues that when the railroad abandoned the property it did not fall into the residue, as Davis contended below, but rather belonged to each adjacent landowner to the centerline of the right-of-way.

We agree. Whenever a railroad is abandoned, the presumption is that the fee is in the adjacent landowners and that their right extends to the centerline, unless the contrary appears. *Marietta Chair Co. v. Henderson*, 121 Ga. 399 (3) (49 SE 312) (1904). See also *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312 (2) (66 SE2d 726) (1951); Pindar, Georgia Real Estate Law and Procedure (2d ed.), §§ 13-10 and 13-18. "It is favorable to the general public interest that the fee in all roads should be vested either exclusively in the owner of the adjacent land on one side of the road, or in him as to one half of the road, and as to the other half, in the proprietor of the land on the opposite side of the road. This is much better than that the fee in long and narrow strips or gores of land scattered all over the country and occupied or intended to be occupied by roads, should belong to persons other than the adjacent owners. In the main, the fee in such property under such detached ownership would be and forever continue unproductive and valueless." *Johnson &c. Co. v. Arnold*, 91 Ga. 659, 666-667 (18 SE 370) (1893).

The provisions in C. C. Elliott's will devised tracts of land to Su-

sie Davis Malone and W. A. Elliott as life tenants "to the R. R." with no language concerning the right-of-way. There is no indication he intended the 100-foot-wide strip to fall into the residue. We, therefore, find that when the right-of-way was abandoned in 1922, ownership interest in the adjacent property extended to the centerline. Susie Davis Malone thus gained a life estate in the 50-foot strip which was the north half of the right-of-way, while W. A. Elliott had a life estate in the 50-foot strip which was the south half of the easterly portion (approximately one-half) of the right-of-way.

2. Davis also claims she obtained title by prescription for a period exceeding 20 years. She presented evidence that she exercised dominion and control over the property through various acts. For instance, evidence was presented showing she built a pond in 1957 and used the railroad bed as a dam. Other evidence indicated she or her agents cut and sold timber from the property, sold fishing rights, hunted and fished on the property, grazed cattle on the property and paid taxes. She also testified she maintained the fence on the property and a road on the right-of-way.

Fambro presented evidence attempting to contradict Davis' claim. For instance, he contended the dam built on the railroad was a joint venture with Malone. He also showed Malone's tenant grazed cattle on the land without objection and that Davis' son had asked Fambro for permission to place cows on the land.

The burden is on the party relying on prescriptive title to prove his title by a preponderance of the evidence. *Dyal v. Sanders*, 194 Ga. 228, 233 (21 SE2d 596) (1942). Where the evidence is in conflict, it is for the jury to determine where the preponderance lies, and when such finding is approved by the trial judge, the issue must be regarded as settled. *Dyal*, supra.

In this case, the jury found Davis had proven adverse possession by a preponderance of the evidence, and the trial court approved the verdict and entered judgment for Davis.

However, the trial court did not take into account that prescription will not run against a remainderman until the interest is vested. *Davis v. Fambro*, 254 Ga. 737 (2), supra; *Harper v. Paradise*, 233 Ga. 194, 200 (210 SE2d 710) (1974). As to the north half of the right-of-way, there was a non-vested remainder until the conveyance in 1974 by Susie Harris Malone and her daughter (with court approval) to Fambro. Thus there is an absence of the requisite 20-year period for adverse possession to operate. Therefore, title did not pass by prescription as to the north half of the right-of-way. This does not apply to the easterly portion (approximately one-half) of the south half of the right-of-way as to which there was no remainder interest since Susie Harris Malone acquired a fee simple interest to this portion in 1951. Thus, the trial court was authorized to find prescriptive title in

this portion of the land in Davis. Unfortunately, this leaves a 50-foot strip or gore owned by Davis. So be it.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 8, 1986 —
RECONSIDERATION DENIED OCTOBER 22, 1986.

*Mincey & Green, Thomas M. Green,* for appellant.
*Byrd & Anthony, Garland T. Byrd,* for appellee.