## A91A0630. CHEEKS v. NOVATEL CARCOM, INC.
(409 SE2d 229)

COOPER, Judge.

Appellee, a corporation in the business of manufacturing and selling telephone equipment, entered into an agreement to sell telephone equipment to National Celstar, Inc. ("Celstar"). Appellant, an officer and shareholder of Celstar, executed an unconditional personal guaranty of the debts of Celstar. In 1989, Celstar ceased operations, and appellee and appellant entered into discussions regarding the outstanding indebtedness owed by Celstar to appellee. In a letter dated November 22, 1989, appellee confirmed an agreement between appellant and appellee to settle Celstar's outstanding indebtedness for $74,300, provided that appellee received a check for that amount before November 29, 1989. In a letter dated November 27, 1989, appellant contended that appellee owed Celstar for warranty work in the amount of $52,500 and enclosed a check for $21,800. The check included language that it was in full payment of all claims. Appellee returned the check to appellant and notified appellant that if appellee did not receive a check for $74,300 by December 15, 1989, appellant would be held liable for the entire outstanding indebtedness owed by Celstar, which was an amount in excess of $135,000. On December 19, 1989, appellant filed a declaratory judgment action in which he requested that the court declare the debt owed by appellant to appellee to be $21,800. Appellant paid into the registry of the court the sum of $21,800 as payment in full of all claims of appellee against appellant. Appellee answered the declaratory judgment action and counterclaimed against appellant for the entire outstanding indebtedness allegedly owed by Celstar. Subsequently, appellee filed a motion for partial summary judgment seeking a disbursement of the $21,800 to appellee. Appellant contended that any disbursement of the funds would work an accord and satisfaction of the entire debt. The trial court granted appellee's motion for partial summary judgment, finding that appellant had admitted liability to appellee in the amount of at least $21,800 and that the disbursement of the funds would not constitute an accord and satisfaction. Appellant brings this appeal from the trial court's order.

1. Appellant first contends that the court erred in concluding that the disbursement did not constitute an accord and satisfaction. OCGA § 9-11-67 provides: "In an action in which any part of the relief sought is a judgment for a sum of money . . . a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court. . . ." Appellant argues that because he wrote on the check, "payment in full of all claims," the dis-

bursement of the funds operated as an accord and satisfaction. We do not agree. "Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed." OCGA § 13-4-101. "Like any other contract, accord and satisfaction requires a meeting of the minds as to the subject matter embraced therein, if it is to be valid and binding. [Cits.] Where there is no agreement to settle all matters in dispute, no accord and satisfaction result. [Cits.]" *Wallace v. Harrison,* 166 Ga. App. 461 (2) (304 SE2d 487) (1983). As the trial court correctly noted in its order, the granting of a disbursement of the funds did not involve an agreement between the parties or an acceptance of the funds by appellee in total satisfaction of its claim.

2. Appellant also argues that the trial court lacked authority to disburse the funds so as to remove the condition that the funds represented payment in full of all claims. We find that the trial court had authority to determine which party was entitled to the funds and to make disbursement in accordance with its determination. See *Gulf States Utilities Co. v. Ala. Power Co.,* 824 F2d 1465, 1474 (5th Cir. 1987). In *In re Dept. of Energy &c. Litigation,* 124 FRD 217, 219 (D. Kan. 1989), the court, construing the federal counterpart to OCGA § 9-11-67, held that Rule 67 of the Federal Rules of Civil Procedure could not be used as a means of altering the contractual relationship and legal duties of the parties. In the instant case, appellant attempted to impose a condition on appellee's acceptance of the funds which, as a practical matter, rendered the funds unavailable for withdrawal by appellee unless appellee agreed to the condition. We conclude that any such condition was invalid because otherwise, appellant would not have deprived himself of the use of the money pending disposition of the action. See *United States ex rel. Garrett v. Midwest Constr. Co.,* 619 F2d 349, 353-354 (5th Cir. 1980). Accordingly, we find no error with the trial court's disbursement of the funds notwithstanding the condition.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 25, 1991 — 

*Zion, Tarleton & Siskin, John J. Tarleton, Jay M. Sawilowsky,* for appellant.

*Goldstein & Schatten, Lee S. Goldstein,* for appellee.