S96A0690. DESCENDANTS OF BULLOCH, BUSSEY & COMPANY et al. v. FOWLER et al.
(475 SE2d 587)

SEARS, Justice.

This appeal concerns competing claims to an abandoned railroad right-of-way. The dispositive issue is whether deeds to the appellees that designated the railroad right-of-way as a boundary conveyed the grantor's fee title to the centerline of the right-of-way to the appellees or whether the deeds only conveyed fee title up to the right-of-way. We conclude that the deeds transferred fee title to the centerline of the right-of-way, and that the trial court properly decreed that title belonged to the appellees.

In 1886, C. A. Lamar made the original grant of the railroad

---

right-of-way in question. In 1891, Lamar conveyed to Bulloch, Bussey & Company fee simple title to a large tract of land that encompassed the right-of-way. No mention was made of the right-of-way in that conveyance. Subsequently, Bulloch, Bussey & Company and their successors (hereinafter "Bulloch") conveyed property adjoining the right-of-way to the appellees and their predecessors, with the deeds designating the right-of-way as a boundary to the property conveyed. The right-of-way was eventually abandoned by the railroad.

The appellants are descendants of the Bulloch partnership. They claim that the original grant of the right-of-way to the railroad in 1886 only conveyed an easement; that, because the conveyance to Bulloch in 1891 was of a large tract of land that encompassed the right-of-way and contained no reservation of the right-of-way, Bulloch acquired fee title to the right-of-way, burdened with the easement; and that the conveyances made by Bulloch to the appellees and their predecessors did not convey the underlying fee to the right-of-way, in that the deeds to the appellees reserved the fee to the right-of-way by describing the property conveyed as being bounded by the right-of-way. The appellants thus reason that the appellees were not conveyed title to the centerline of the right-of-way, and that the appellants are now fee owners of the right-of-way. The appellees contend, on the other hand, that even assuming that the original conveyance of the right-of-way only conveyed an easement to the railroad and not the underlying fee to the right-of-way, the appellees now own title to the centerline by virtue of the conveyances to them of the property that adjoins the right-of-way. The trial court agreed with the appellees, and for the reasons that follow, we affirm.

In deciding this appeal, we conclude that we need not address the appellants' contention that the grant of the right-of-way in 1886 conveyed only an easement to the railroad and not the underlying fee.[1] The reason is that, assuming the grant of the right-of-way only conveyed an easement to the railroad and that C. A. Lamar passed the underlying fee to Bulloch, we must nevertheless decide this appeal adversely to the appellants based upon the language of the deeds from Bulloch to the appellees and their predecessors. As previously noted, Bulloch's deeds to the appellees designated the railroad right-of-way as a boundary. The decisive issue is whether that designation conveyed to the appellees Bulloch's fee title to the centerline of the right-of-way or whether that designation conveyed only fee title up to the right-of-way. We conclude that the conveyances trans-

---

[1] If the grant of the right-of-way in 1886 conveyed the underlying fee, then the appellants would have no basis to claim that C. A. Lamar conveyed fee title to the right-of-way to Bulloch in 1891, and that the appellants, as descendants of the Bulloch partnership, now own that title.

ferred fee title to the right-of-way.

In instances in which a deed designates a road as a boundary for the property conveyed and the grantor is the owner of the fee in the road (usually to the centerline), the question has arisen whether the deed conveys fee title only up to the road or whether it conveys title to the road as well. To resolve such disputes, this Court has adopted the rule of construction that the deed conveys the fee interest that the grantor held in the road in the absence of a clear expression of intent to the contrary.[2] The rule avoids the undesirable result of having long, narrow strips of land owned by people other than the adjacent landowner.[3] Pindar asserts that this rule of construction also should govern the construction of deeds that designate a railroad right-of-way as a boundary.[4] This Court has, in fact, already applied it to language in a will to determine title to an abandoned railroad right-of-way.[5] We now adopt this rule for use in construing deeds that have as a boundary a railroad right-of-way.[6]

In the instant case, Bulloch (according to the assumption discussed above) owned the underlying fee to the railroad right-of-way when the deeds to the appellees were executed, and the deeds to the appellees designated the railroad right-of-way as a boundary. Applying the foregoing rule of construction thus leads to the conclusion that the deeds in question conveyed title to the centerline of the right-of-way to the appellees.[7] Further, we find no evidence in the record or language in the deeds that requires a contrary construction.[8] Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

---

[2] Pindar, Ga. Real Est. Law, § 13-10 (4th ed.); *Johnson & Co. v. Arnold*, 91 Ga. 659, 666-667 (18 SE 370) (1893); *Rolleston v. Sea Island Properties*, 254 Ga. 183, 187 (327 SE2d 489) (1985).

[3] Pindar at § 13-10; *Johnson & Co. v. Arnold*, 91 Ga. at 666-667.

[4] Pindar at § 13-18.

[5] *Fambro v. Davis*, 256 Ga. 326 (348 SE2d 882) (1986). In *Fambro* at 327, we quoted *Johnson & Co. v. Arnold* as follows:

"It is favorable to the general public interest that the fee in all roads should be vested either exclusively in the owner of the adjacent land on one side of the road, or in him as to one half of the road, and as to the other half, in the proprietor of the land on the opposite side of the road. This is much better than that the fee in long and narrow strips or gores of land scattered all over the country and occupied or intended to be occupied by roads, should belong to persons other than the adjacent owners. In the main, the fee in such property under such detached ownership would be and forever continue unproductive and valueless." *Johnson &c. Co. v. Arnold*, 91 Ga. 659, 666-667 (18 SE 370) (1893).

[6] To the extent that *Williams v. Savannah &c. R. Co.*, 94 Ga. 540 (20 SE 487) (1894), is inconsistent with *Johnson & Co.* and *Fambro*, it is hereby overruled.

[7] Pindar, § 13-18; *Johnson & Co.*, 91 Ga. at 666-667; *Fambro*, 256 Ga. at 327-328.

[8] See, e.g., *Rolleston v. Sea Island Properties*, 254 Ga. at 187.

*Mark A. Smith III, Thomas R. Morgan,* for appellants.
*Tyron C. Elliott, Jerry W. Loftin, Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep, Duncan, Thomasson & Acree, Thurman E. Duncan, Hoke J. Thomas, Jr.,* for appellees.