## S04A0384. 1845 LA DAWN LANE, LLC v. BOWMAN et al.
### (594 SE2d 373)

FLETCHER, Chief Justice.

At issue in this appeal is title to a parcel of land originally planned, but never opened, as a street. The trial court held that fee simple title is vested in Appellees because their properties abut the parcel and, under Georgia law, a deed that conveys property bounded by a planned street also conveys the fee interest that the grantor held in the road unless there is a clear expression of a contrary intent. Because the trial court applied proper principles of Georgia law and the record shows that the grantor never expressed a contrary intent regarding ownership of the parcel, we affirm.

Appellees Sarah O. Bowman and Dorothy P. Bryant live next door to one another on Cardova Street in Fulton County, City of Atlanta. The land in dispute here is a rectangular parcel, originally planned as a street, fronting 50 feet on Cardova Street and running between Appellees' properties. The deeds to both Appellees' properties describe one boundary of the property conveyed by reference to this "future street."

The subdivision in which Appellees live was developed originally in the 1940s by B. A. Martin and the chains of title to Appellees' respective lots descend from Martin. Martin was the common grantor of all the subdivision property and sold all the subdivision lots according to a recorded plat. The undeveloped parcel was designated on the plat as "Future Street." The parcel, however, has never been accepted as a public street, either expressly or implicitly, by either Fulton County or the City of Atlanta following annexation.

Appellant 1845 La Dawn Lane, LLC owns a 3.29 acre tract of land known as Little Woods that lies on the south side of Appellees' properties. The parcel at issue abuts 50 feet on Little Woods. Little Woods was not a part of the subdivision and was never owned by Martin. Appellant contends that Martin never transferred title to the parcel, but rather, title to the parcel passed to Martin's daughter as the residuary beneficiary under his will. By quitclaim deed the daughter conveyed "all right, title, interest, claim or demand which she had or may have had" in the parcel to Southern Investments Associates in December 2000, and Appellant acquired the parcel from Southern Investments, along with the Little Woods property, in February 2001.

Appellees brought a Quiet Title action under OCGA § 23-3-60 to establish that each has fee simple title to the centerline of the parcel. Following extensive discovery and a hearing before a special master, the special master found that fee simple title resided in Appellees because, as a matter of law, when Martin sold the lots that Appellees now own, he also conveyed the fee interest to the centerline of the

undeveloped street. The trial court adopted the special master's report.

1. When a grantor conveys property as bounded by a road that the grantor also owns, Georgia courts apply a rule of construction to hold that the deed conveys the fee interest that the grantor held in the road unless there is a clear expression of a contrary intent.[1] This rule of construction has been long applied in this state.[2] The public policy supporting this rule of construction is the desire to "avoid[ ] the undesirable result of having long, narrow strips of land owned by people other than the adjacent landowner."[3]

Appellant contends that the application of this rule of construction is contrary to the original grantor's intent. This Court has declined to apply this rule of construction only in the face of an express contrary intention.[4] In the present case there is no expressed contrary intention. Appellant argues that the fact that the parcel is designated as "Future Street" on the subdivision plat is evidence of Martin's, the original grantor, intent to reserve the parcel for himself. This Court has previously found that the designation of a street on a plat does not reserve the grantor's interest in the street. In fact, this Court specifically held that a grantor who designates a parcel as a proposed street on a subdivision plat may not thereafter reclaim the property for his own use.[5] Therefore, the designation of the parcel as a "future street" is insufficient, as a matter of law, to serve as a grantor's express intent to reserve title in himself.

2. Appellant also contends that it purchased the parcel. However, in light of our holding in Division 1, the fee interest to the street passed when Martin conveyed title to Appellees' predecessors-in-title. Thus, the later quitclaim deed from Martin's daughter passed no title to Appellant because the daughter had no title to convey.[6]

3. Appellant also contends that a fact issue remains regarding whether Appellees have abandoned their interest in the property. However, Appellees own a fee interest in the parcel and title to real property cannot pass by mere abandonment.[7] Furthermore, the record evidence is undisputed that Appellees and their predecessors-in-title have consistently maintained the parcel.

---

[1] *Descendants of Bulloch, Bussey & Co. v. Fowler*, 267 Ga. 79, 81 (475 SE2d 587) (1996).

[2] *Johnson & Co. v. Arnold*, 91 Ga. 659, 666-667 (18 SE 370) (1893) ("according to the better authorities, the bounding of a tract by the edge or margin of a road will pass the fee to the middle line of the road when the vendor owns the fee on both sides").

[3] *Descendants of Bulloch*, 267 Ga. at 81.

[4] See *Rolleston v. Sea Island Properties*, 254 Ga. 183, 187 (327 SE2d 489) (1985).

[5] *Lee v. Warren*, 230 Ga. 165 (195 SE2d 909) (1973) (designation in plat of "proposed street").

[6] *Hornsby v. Holt*, 257 Ga. 341, 342 (359 SE2d 646) (1987).

[7] *Tarver v. Deppen*, 132 Ga. 798 (65 SE 177) (1909).

4. Appellant also contends that it has a right of access over the parcel because it was dedicated as a road. A right of public access to a road does not occur until the road has been dedicated and accepted, either expressly or impliedly, by the governing body.[8] In this case, the record establishes that no public authority has ever accepted the dedication. Because the future street was never accepted as a road, neither the public nor Appellant has a right of access over the parcel.

5. Finally, Appellant claims that the trial court erred in failing to declare that Appellant has an easement by way of necessity over the parcel. Appellant, however, did not assert a counterclaim to establish a way of necessity under OCGA § 44-9-40. Therefore, the trial court did not err in failing to address potential interests in the parcel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 29, 2004 —
RECONSIDERATION DENIED APRIL 13, 2004.

*McLarty, Robinson & Van Voorhies, John E. Robinson, Gregory H. Blazer*, for appellant.

*Stack & Associates, Donald D. J. Stack, Martin A. Shelton, Lisa B. Perlstein, Levy & Zeewy, David V. Levy, McCalla, Raymer, Padrick, Cobb & Nichols, Linda S. Finley*, for appellees.

---

[8] *Healey v. City of Atlanta*, 125 Ga. 736, 737 (54 SE 749) (1906).