S08A0489. THOMASON et al. v. FULTON COUNTY et al.

(663 SE2d 216)

HINES, Justice.

James D. Thomason and his wife appeal the trial court's denial of a petition for a writ of mandamus to compel Fulton County and the members of its Board of Commissioners to pay a tort judgment

---

entered against Billy Eugene Lee ("Lee"). For the reasons that follow, we affirm.

Thomason was seriously injured in a collision of vehicles in 2002, when his truck was struck by a truck owned by Fulton County and driven by Lee, who was then a county employee. Thomason and his wife (collectively "Thomason") sued in the State Court of Fulton County to recover damages, naming as defendants Fulton County, the Fulton County Board of Commissioners, and Lee, in both his individual and official capacities. The Fulton County Attorney filed an entry of appearance on Lee's behalf. Fulton County, the Fulton County Board of Commissioners, and Lee, in his official capacity, were dismissed; Lee, in his individual capacity, thus remained as the sole defendant. The case was transferred to the State Court of Cherokee County, where Lee resided; it was tried before a jury in October 2004, and Thomason won a judgment of $2,375,000. See *Lee v. Thomason*, 277 Ga. App. 573 (627 SE2d 168) (2006). Pursuant to its self-insurance plan, the County tendered $56,000 for personal injury and property damages, in partial satisfaction of Thomason's judgment. Thomason and his wife filed a petition for a writ of mandamus in the Superior Court of Fulton County, seeking to compel the County to pay the full judgment entered against Lee in his individual capacity. The trial court denied the petition, ruling that "the County has done all it is obligated to do" in tendering the limits of the self-insurance plan, and that no further acts were required on the County's part.

1. "The extraordinary writ of mandamus will not lie unless the petitioner seeking it has a clear legal right to have the act performed. The law must not only authorize the act be done, but must require its performance." (Citations and punctuation omitted.) *Jennings v. McIntosh County Bd. of Commrs.*, 276 Ga. 842, 843-844 (1) (583 SE2d 839) (2003). The trial court correctly determined that Thomason did not have a clear legal right to the County's satisfaction of the entire amount of the judgment entered against Lee. A Fulton County ordinance provides, inter alia:

> Where defense of a claim or proceeding against an employee is provided by this division, all final judgments awarded . . . against the employee in proceedings to which this division applies . . . shall be paid by the County as hereinafter provided.

Fulton County Code of Resolutions Section 102-81 (d). Lee notes that the County provided his defense, and asserts that the County is thus obligated to pay the final judgment awarded against him. However, this ignores the immediately following provision of the ordinance,

which states: "There is excluded further from operation of this article any claim or proceedings as to which insurance is provided by Fulton County." Fulton County Code of Resolutions Section 102-81 (e). The County's self-insurance program provides inter alia:

> The amount of liability coverage for the operator of each such vehicle for which the County will pay on behalf of any such employee or authorized driver is as follows:
> A.   (i) Bodily injury liability limit of $50,000 for each injured person;
> (ii) Bodily injury liability limit of $100,000 for each occurrence;
> (iii) Property damage liability limit of $25,000 for each occurrence.

Resolution and Contract for Self-Insurance Plan for County Owned or Leased Vehicles, Sec. 2; Fulton County Board of Commissioners, May 28, 1986.

Thomason argues that the County's self-insurance plan does not constitute "insurance" within the meaning of the exclusion set forth in Section 102-81 (e) of the Fulton County Code of Resolutions. But, this contention is belied by the resolution adopting the plan. It recites that: the County has "investigated the insurance risks and costs affecting Fulton County's liability"; "the cost of automobile insurance has risen dramatically"; "Georgia law specifically provides that counties may adopt a plan of self insurance with respect to the operation of motor vehicles"; "there would be a savings in insurance costs to Fulton County in adopting the plan"; and "this self insurance plan for motor vehicles shall be the exclusive obligation of the County to County officers and employees involved in covered accidents." Resolution and Contract for Self-Insurance Plan for County Owned or Leased Vehicles; Fulton County Board of Commissioners, May 28, 1986. The resolution of May 28, 1986, together with Resolution 102-81, purporting to establish the County's duty in this case, clearly shows the intent that the County's liability is to be limited by its self-insurance program, and that the self-insurance program is to be considered the provision of "insurance" in the context of Resolution 102-81 (e). See OCGA § 1-3-1 (a); *Risser v. City of Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982).

2. Thomason also asserts that the superior court should have submitted to a jury the question of whether the County's self-insurance program constituted "insurance" within the meaning of Section 102-81 (e) of the Fulton County Code of Resolutions. However, construction of legislative acts such as those at issue is for the court, not a jury. See *City of Atlanta v. Miller*, 256 Ga. App. 819,

820 (569 SE2d 907) (2002). The trial court did not err in denying the petition for a writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Allen L. Broughton, Brian C. McCarthy,* for appellants.

*Elarbee, Thompson, Sapp & Wilson, Richard R. Gignilliat, William B. Holladay, Elliott M. Friedman,* for appellees.