S09A0799. MURPHY v. McMASTER.

(680 SE2d 848)

CARLEY, Justice.

M. Vincent Murphy, III and Robert McMaster are the sole members of four limited liability companies (LLCs), which are governed by operating agreements that designate Murphy as the funding member and McMaster as the manager. Each LLC is the

general partner in a limited partnership (LP). Each of the four LPs owns an apartment complex. With respect to each LP, McMaster is a limited partner and serves as the management agent. Murphy is the president and sole shareholder of Community Management Services, Inc. (CMS), which contracted with the LPs to provide management services for the apartment complexes.

In February 2008, Murphy brought suit against McMaster, alleging that he is in default on certain promissory notes which he executed in return for substantial personal loans from Murphy, and seeking the declaration of a security interest in McMaster's assets, including his interests in the LLCs. Thereafter, a disagreement arose over Murphy's change of accounting firms for the apartments and his refusal to permit the designated accounting firm to inspect the books and records of the apartments. When McMaster attempted to replace CMS with a new property management company and law enforcement officers in four different jurisdictions became involved, the new company was permitted to take over management of two of the apartment complexes. On the following day, Murphy filed an emergency motion for temporary restraining order, which by notice was converted into a motion for interlocutory injunction, seeking to enjoin McMaster from violating Murphy's allegedly exclusive right under the operating agreements to manage the apartment complexes. The trial court denied the motion for interlocutory injunction, concluding that Murphy "has not shown irreparable harm or why he has no adequate remedy at law."

Citing *Southern Healthcare Systems v. Health Care Capital Consolidated*, 273 Ga. 834, 836 (6) (545 SE2d 882) (2001), Murphy primarily contends that the trial court erroneously failed to recognize the absence of any adequate legal remedy and that, because of the court's incorrect legal theory, its judgment must be reversed.

In *Southern Healthcare*, this Court held that the plaintiffs did not have an adequate legal remedy to enforce their contractual right to approve the defendant's selection of a new property management company for its health care facilities. However, Murphy does not seek to enforce any right to approve the property management company. Instead, he seeks to enforce an alleged contractual right to manage the properties at issue. Thus, the motion for interlocutory injunction alleges a mere breach of a contract for personal services for which McMaster may be liable in damages. *Grant-Jeter Co. v. American Real Estate Co.*, 159 Ga. 80, 81 (2), (3), 84 (125 SE 73) (1924) (agreement to rent, manage, and supervise an apartment building). See also *Woolley v. Embassy Suites*, 278 Cal. Rptr. 719, 727 (III) (Cal. App. 1991) (hotel management contract).

"Although not pressed in the argument, . . . the principle announced in [OCGA § 9-5-7] controls the disposition of this case."

*Paxson v. Butterick Publishing Co.*, 136 Ga. 774, 776 (2) (71 SE 1105) (1911). "Generally an injunction will not issue to restrain the breach of a contract for personal services unless the services are of peculiar merit or character and cannot be performed by others." OCGA § 9-5-7.

> "It will be noted that the latter part of this section is in the conjunctive: the services stipulated in the contract, to prevent a breach of which injunction is sought, must not only be of a peculiar merit or character, but they must also be of such a nature that they can not be performed by others. 'But the services to be performed must be individual and peculiar because of their special merit or unique character; for otherwise the remedy at law would be adequate. But where the services involve the exercise of powers of the mind, as of writers or performers, which are peculiarly and largely intellectual, they may form the class in which the court would interfere upon the ground that they are individual and peculiar. . . .' " [Cit.] Nothing in the record before us indicates that the contract[s] come[ ] within the narrow range delineated by these authorities.

*Ashworth v. Cunningham/MSE*, 252 Ga. 569 (1) (315 SE2d 419) (1984) ("contract for architectural services pertaining to the design and construction supervision for a new courthouse"). Compare *National Linen Service Corp. v. Clower*, 179 Ga. 136, 146 (5) (175 SE 460) (1934) (covenant not to compete).

Furthermore, "[i]nsolvency was neither alleged nor proved." *Paxson v. Butterick Publishing Co.*, supra. As the trial court specifically found, no action for either dissolution of the LLCs or appointment of a receiver has been filed, no action in regard to the parties' respective positions in the LLCs was filed until amendment of the complaint on the second day of the hearing, and the only financial damage Murphy has alleged is the loss of funds to CMS and the potential loss of collateral for his alleged security interest.

Accordingly, Murphy has failed to show that there is not an adequate remedy at law, and the trial court correctly denied his motion for interlocutory injunction. See *City of Willacoochee v. Satilla Rural Elec. Membership Corp.*, 283 Ga. 137, 138 (1) (657 SE2d 232) (2008) (" '[I]t is error for the court to grant an interlocutory injunction in a case where the plaintiff has an adequate remedy at law. (Cit.)' [Cit.]"); *Ashworth v. Cunningham/MSE*, supra; *Paxson v. Butterick Publishing Co.*, supra; *Woolley v. Embassy Suites*, supra at 728 (III), (IV). Murphy's remaining contentions are moot.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 2009.

*Johnson & Ward, Stanley E. Kreimer, Jr.*, for appellant.
*Krevolin & Horst, Jeffrey D. Horst, Troy R. Covington*, for appellee.