S10A0563. DANBERT et al. v. NORTH GEORGIA LAND VENTURES, LLC et al.

(697 SE2d 204)

HINES, Justice.

This is an appeal from the denial of a petition for a permanent injunction and a writ of mandamus. For the reasons that follow, we affirm.

In 2003, Roger and Theresa Danbert purchased two adjoining land lots in Towns County, comprising approximately 6.5 acres. Both lots were bordered by an easement now known as Chinquapin Ridge Road; the Danberts own the land to the centerline of the road, as shown on a recorded plat. In 2005, North Georgia Land Ventures, LLC ("NGLV") purchased a 46-acre plot of land further along Chinquapin Ridge Road; the easement along Chinquapin Ridge Road provided the sole access to NGLV's land.

NGLV began work to subdivide and develop its property, and the Danberts sought interlocutory and permanent injunctions against the development, and of any sales of land therein; the trial court denied the interlocutory injunction,[1] and the Danberts amended their complaint to add Towns County as a defendant, and to add a claim for a writ of mandamus to compel Towns County to enforce its subdivision regulations. The trial court denied both a permanent injunction and a writ of mandamus, and the Danberts appeal.[2] For the reasons that follow, we affirm.

1. The gravamen of the Danberts' appeal is that NGLV was wrongly granted a subdivision permit by Towns County in that NGLV's submission to the County did not meet Section 503 of the Towns County Revised Subdivision Regulations ("Regulations").[3] As

---

[1] The trial court's first order denied both interlocutory and permanent injunctions; upon a motion for reconsideration, the trial court declared that the interlocutory injunction order would stand, and the case would proceed on the request for a permanent injunction.

[2] After the Danberts filed their notice of appeal, United Community Bank ("UCB"), the mortgage lender on the NGLV property, foreclosed. This Court granted UCB's request to file a brief of interested party pursuant to OCGA § 5-6-1. This opinion will continue to refer to NGLV as the appellee.

[3] NGLV asserts that the Danberts' direct appeal should be dismissed for failure to follow the discretionary appeal procedure, contending that the underlying subject matter is the trial court's review of the County's administrative decision to approve the subdivision application. See OCGA § 5-6-35 (a) (1); *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 671-672 (1) (594 SE2d 344) (2004). However, the discretionary appeal procedure

certified on January 24, 2007, that regulation reads: "**Section 503: Access.** Access to every subdivision shall be provided over a public street or a public access street. Access cannot be provided over private easement [sic]." The Danberts contend that Chinquapin Ridge Road is not a "public street or a public access street," and that it is a private easement that cannot provide proper access to a subdivision. The Regulations do not define the terms "public street," "public access street," or "private easement."[4] As to a description of the Chinquapin Ridge Road easement, the Danberts' 2003 deed merely states that it is "subject to easements as shown on plat." None of the plats included in the record that show the easement contains any further detail regarding the character of the easement, identifying it only as an easement or right-of-way; the plats also state in text that the property is subject to all rights-of-way and easements, shown or not shown.

In the absence of definitions of the relevant terms in the Regulations, the Danberts assert that the terms "public street," used in Section 503 of the Regulations, and "public road," used in OCGA § 32-1-3 (24),[5] must be considered to be

---

does not apply in this case; the subdivision regulations here do not provide that the Danberts could have pursued an administrative appeal, instead providing that if "land is used in violation of this Resolution . . . any adjacent property owners who would be damaged by such violation, in addition to other remedies, may institute injunction or other appropriate action . . . ." Towns County Revised Subdivision Regulations, Art. XIII. Compare *Ladzinske v. Allen*, 280 Ga. 264, 266 (626 SE2d 83) (2006).

[4] Among the definitions that are in the Regulations are: "Easement. A recorded grant by a property owner for use by the public, a corporation, or person, of a strip of land for specified purposes." and "Street. A public or dedicated thoroughfare or a private right-of-way or easement shown on a recorded plat and which had [sic] been approved by the Planning Commission." Towns County Revised Subdivision Regulations, Art. III, Sec. 301 (f) & (x).

[5] OCGA § 32-1-3 (24) provides:
As used in this title, the term: . . .

(24) "Public road" means a highway, road, street, avenue, toll road, tollway, drive, detour, or other way open to the public and intended or used for its enjoyment and for the passage of vehicles in any county or municipality of Georgia, including but not limited to the following public rights, structures, sidewalks, facilities, and appurtenances incidental to the construction, maintenance, and enjoyment of such rights of way:
(A) Surface, shoulders, and sides;
(B) Bridges;
(C) Causeways;
(D) Viaducts;
(E) Ferries;
(F) Overpasses;
(G) Underpasses;
(H) Railroad grade crossings;
(I) Tunnels;
(J) Signs, signals, markings, or other traffic control devices;
(K) Buildings for public equipment and personnel used for or engaged in

synonymous,[6] and further, that there is no difference in the terms "public street" and "public access street." They also contend that because there is no record of Chinquapin Ridge Road being dedicated to, or accepted by the County, it cannot be considered "intended or used" by the public within the meaning of OCGA § 32-1-3 (24). See *1845 La Dawn Lane, LLC v. Bowman*, 277 Ga. 741, 743 (4) (594 SE2d 373) (2004) ("A right of public access to a road does not occur until the road has been dedicated and accepted, either expressly or impliedly, by the governing body."). But, there are several flaws in this argument. First, it ignores the fact that the County did not choose to use the term "public road," defined in OCGA § 32-1-3, but instead chose to use other terms not defined therein; nothing in the record suggests that the County nonetheless intended that definitions found in OCGA § 32-1-3 were to be applied to other terms that the County chose to use. And, to assume that the terms "public street" and "public access street" are synonymous would require that this Court deem the use of the term "public access street" in the Regulations to be mere surplusage, and this we will not do. See *Currid v. DeKalb State Court Prob. Dept.*, 285 Ga. 184, 187 (674 SE2d 894) (2009). Similarly an express or implied dedication as contemplated in *1845 La Dawn Lane*, supra, does not appear to be required under the Regulations, as the County's definition of "street" embraces "public or dedicated thoroughfare," evidencing an intent that "public" mean something other than "dedicated." See footnote 4, supra. See also *Walker v. Duncan*, 236 Ga. 331, 333 (223 SE2d 675) (1976) (recording of a subdivision plat acts as the grant of an easement to the purchasers of the property, but also raises a presumption of intent to dedicate to the public).

Evidence as to whether the public could, and did, access Chinquapin Ridge Road was in conflict. Roger Danbert testified that, since he purchased the property and has owned it to the centerline of Chinquapin Ridge Road, he has not permitted public access to the

---

administration, construction, or maintenance of such ways or research pertaining thereto;
(L) Wayside parks;
(M) Parking facilities;
(N) Drainage ditches;
(O) Canals and culverts;
(P) Rest areas;
(Q) Truck-weighing stations or check points; and
(R) Scenic easements and easements of light, air, view, and access.

[6] Under OCGA § 32-1-2: "The purpose of this title is to provide a code of statutes for the public roads and other transportation facilities of the state, the counties, and municipalities of Georgia. The legislative intent is to provide an effective legal basis for the organization, administration, and operation of an efficient, modern system of public roads and other modes of transportation."

road; there was no evidence that he had blocked the road, or how he manifested a denial of access to the public. Conversely, one of the principal owners of NGLV testified that the road was accessible to the public. Accordingly, the trial court did not err in finding that the Danberts failed to show a violation of the subdivision regulations, and that access to NGLV's subdivision was, in fact, over "a public street or a public access street" within the meaning of Section 503 of the Regulations. See *Menzies v. Hall*, 281 Ga. 223, 225 (2) (637 SE2d 415) (2006). Given the state of the record, and the Regulations, no manifest abuse of the trial court's discretion in denying an injunction has been shown. See *Evans v. Knott*, 282 Ga. 584, 585 (652 SE2d 535) (2007). Similarly, the trial court did not err in determining that the Danberts had not demonstrated that they held a clear legal right to a denial of NGLV's subdivision application, and that the requested petition for a writ of mandamus should be denied. See *Thomason v. Fulton County*, 284 Ga. 49, 50 (1) (663 SE2d 216) (2008).

2. To the extent that the Danberts urge that they were entitled to a permanent injunction for reasons *other than* the asserted violation of Section 503 of the Regulations, see Division 1, supra, the trial court did not err in determining that they failed to demonstrate that they were entitled to a permanent injunction because of irreparable harm to their property arising from an overburdening of the Chinquapin Ridge Road easement. Nothing in the record shows a restriction on the easement that would be violated by the subdivision, and there is no evidence that the use of the Chinquapin Ridge Road easement would constitute a change in the character of the easement. See *Faulkner v. Ga. Power Co.*, 243 Ga. 649, 650 (256 SE2d 339) (1979); *DeSarno v. Jam Golf Mgmt.*, 295 Ga. App. 70, 73 (670 SE2d 889) (2008). The Danberts fail to show that the trial court erred in determining that no irreparable harm was shown. See *Murphy v. McMaster*, 285 Ga. 622 (680 SE2d 848) (2009).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2010.

*James D. Tittle, Jr.*, for appellants.
*Stockton & Stockton, Lawrence A. Stockton, Jr., Stites & Harbison, Ronald J. Stay, Jr.*, for appellees.