S12A1513. HUNT v. RICHMOND COUNTY BOARD OF EDUCATION.
(739 SE2d 306)

HINES, Justice.

Margaret Hunt brings this appeal from an order of the Superior Court of Richmond County enjoining her from taking action to enforce a money judgment she secured in the Civil Court of Richmond County.[1] For the reasons that follow, we reverse.

Hunt, a teacher, sued her former employer, the Richmond County Board of Education ("Board") in the Civil Court of Richmond County for breach of contract, seeking $23,165.65 in damages. The parties stipulated to that amount as constituting damages, and, after a bench trial, the Civil Court of Richmond County entered judgment in that amount, plus prejudgment interest accruing from a certain date. Hunt calculated the total due from the Board to satisfy the judgment plus interest and fees to be $26,216.96. The Board prepared two checks, one apparently reflecting the interest and fees, and another one intended to reflect the award, treated as wage income, with various sums withheld to comply with state and federal law as to be reported on a federal Internal Revenue Service ("IRS") Form W-2; thus, for this check, the award of $23,165.65 was reduced because of withholding to $15,223.72. Hunt objected to that treatment of the damages award, contending that the second check prepared by the

---

[1] See Ga. Const. of 1983, Art. VI, Sec. X, Par. I (5).

Board should be for the full amount of the damages, and that the payment should be reported for tax purposes using an IRS Form 1099.

The parties could not agree on a course of action. The Board, hypothesizing that Hunt might proceed with collection methods such as garnishment and levy of the Board's assets, filed a petition in the Superior Court of Richmond County requesting temporary and permanent injunctions barring Hunt from attempting to collect or levy upon the Civil Court of Richmond County's judgment, contending that the Board was legally obligated to withhold certain money from any payment of wage income, citing 26 USC § 3401; *Social Security Bd. v. Nierotko*, 327 U. S. 358 (66 SC 637, 90 LE 718) (1946); and *Appoloni v. United States*, 450 F3d 185 (6th Cir. 2006). The superior court held a hearing the next day, during which the court stated that a temporary restraining order would be issued. The following day, another hearing was held, after which the superior court entered an order concluding that the judgment constituted an award of unpaid wages to Hunt and that the Board was therefore obligated under federal law to withhold certain amounts on such an award of wages; the order enjoined Hunt "from taking any action of any description to perfect, or collect, or levy upon, the Civil Court judgment," and permitted the Board, under OCGA § 9-11-67,[2] to deposit funds into the registry of the superior court sufficient to satisfy the Civil Court of Richmond County's judgment, which the Board did. No writ of fieri facias was issued before, or after, the superior court's order.

"A complaint in equity is not available if an 'adequate remedy is provided at law.' OCGA § 9-5-1." *Fulton County Taxpayers Foundation v. Ga. Public Svc. Comm.*, 287 Ga. 876, 880 (4) (700 SE2d 554) (2010). The superior court's order is silent as to whether the Board had an adequate remedy at law, but it is apparent that ample legal remedies are provided to a litigant in the Board's position.

First, whether the damages at issue represented wages from which income tax had to be withheld and reported on a W-2 form could have been put in issue in the Civil Court of Richmond County, by

---

[2] OCGA § 9-11-67 reads:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate.

either party, before the judgment was rendered.[3] But, failing to raise the issue at trial did not end the Board's power to have the matter properly resolved by the court that rendered the judgment; the Board could have, certainly within the same term in which the judgment was entered, moved for clarification or amendment of the judgment.[4] See *De Le Reza v. Osprey Capital*, 287 Ga. App. 196, 197 (1) (651 SE2d 97) (2007); *Andrew L. Parks, Inc. v. SunTrust Bank, West Ga., N.A.*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001).[5] The fact that the Board chose not to pursue such available remedies does not mean that a court of equity is then empowered to intervene. See *Burson v. Faith*, 227 Ga. 526, 529 (3) (181 SE2d 827) (1971). Rather, this case shows the wisdom of the requirement that equity will not intervene if there is an adequate remedy at law; it would be contrary to the orderly administration of justice to allow a litigant to sleep upon its rights when a proper court renders a judgment and then, when the effect of that party's failure to follow the available remedies is about to have consequences, seek the intervention of a different court in equity. Having failed to avail itself of the available remedies in the Civil Court of Richmond County, the Board could not then attempt to secure its desired outcome in a different forum, in this case, the superior court.[6]

Additionally, the Board is afforded certain legal remedies if a judgment creditor seeks to improperly execute upon a judgment. The Board could become a party to any garnishment proceeding by filing a traverse to the plaintiff's affidavit executed in connection with the filing of the summons of garnishment, OCGA § 18-4-93, and could challenge the amount due under the judgment, although not the judgment's validity. See OCGA § 18-4-65. Had execution occurred, the Board could contest the execution by an affidavit of illegality under the provisions set forth in OCGA § 9-13-120 et seq. See *Bosson*

---

[3] It is uncontroverted that the issue of whether the damage award was subject to wage withholding was never raised in the Civil Court of Richmond County.

[4] "After the term in which a [judgment] is rendered, the court is without power to modify or amend the [judgment] in any matter of substance or in any matter affecting the merits." *Miller v. Miller*, 288 Ga. 274, 281-282 (4) (705 SE2d 839) (2010) (Citations and punctuation omitted). But see *Barlow v. State*, 279 Ga. 870, 872 (621 SE2d 438) (2005), in which the out-of-term clarifying order did not vary the earlier order granting a new trial.

[5] The Board could also have pursued, in the Civil Court of Richmond County, an order under OCGA § 9-11-67, which would abate interest on the sum deposited, see *Chouinard v. City of East Point*, 248 Ga. App. 768, 771 (1) (546 SE2d 827) (2001), and seemingly provide a process by which a dispute such as this could be resolved. See *Cheeks v. Novatel Carcom, Inc.*, 200 Ga. App. 664 (409 SE2d 229) (1991).

[6] OCGA § 15-6-8 (4) authorizes a superior court to "exercise a general supervision over all inferior tribunals," but only when such "review [is] by a proper writ, such as mandamus or certiorari." *Dubose v. Hodges*, 280 Ga. 152, 152-153 (625 SE2d 745) (2006). No such review process was followed here.

*v. Bosson*, 117 Ga. App. 629 (161 SE2d 433) (1968). The existence of such remedies belies the superior court's conclusion that the Board faced irreparable harm from potential collection of the judgment rendered by the Civil Court of Richmond County.[7] See *Danbert v. North Ga. Land Ventures*, 287 Ga. 495, 498 (2) (697 SE2d 204) (2010); *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 282 (1) (539 SE2d 811) (2000). In any event, no execution had occurred in this case, no writ of fieri facias had issued, and the mere apprehension of injury does not support the grant of an injunction. *City of Willacoochee v. Satilla Rural Elec. Membership Corp.*, 283 Ga. 137, 138 (1) (657 SE2d 232) (2008).[8]

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 4, 2013.

*John R. B. Long*, for appellant.
*Fletcher, Harley & Fletcher, Leonard O. Fletcher, Jr., Tucker, Everitt, Long, Brewton & Lanier, Troy A. Lanier*, for appellee.

---

[7] Although the superior court stated that efforts to collect upon the judgment could produce "chaos" in the Board's operations, the same can be said by any judgment debtor regarding efforts to collect a judgment by garnishment or levy.

[8] We do not conclude that there are no circumstances under which a superior court can enter an equitable order regarding the enforcement of a judgment rendered in another court, although generally any and all such issues are to be raised in the court of rendition. But, in any event, the intervention of the superior court in equity is not warranted in this case.