WARREN *v.* SUTTLES, tax-collector.

No. 13134. MAY 20, 1940.

*Virlyn B. Moore Jr.,* for plaintiff.

*Broadus B. Zellars, Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. Northcutt, Standish Thompson, Ellis G. Arnall,* attorney-general, and *Claude Shaw,* for defendant.

REID, Chief Justice. ■ The General Assembly in the general tax act of 1935 (Ga. L. 1935, p. 11, sec. 2, par. 8) levied, among others, the following tax: "Upon every athletic club, and upon every association or person giving boxing or sparring or wrestling exhibitions where an admission of not exceeding $1.00 is charged, $50.00 for each exhibition: where admission charged is $1.00 to $1.50, $100.00: and where the admission charged is $1.50 and over, $200 for each exhibition. That the tax herein provided for shall be paid to the tax-collector of the county before opening the doors for any of said exhibitions." Code, § 92-607. Thereafter the General Assembly by the act of 1937 (Ga. L. 1937, p. 405) created a State Athletic Commission. The caption of this act was as fol-

lows: "An act to regulate boxing, sparring, and wrestling exhibitions in Georgia; to create a State Athletic Commission; prescribing its powers and duties; providing for licenses and permits for those conducting matches and exhibitions, the contestants and referees; limitations on number of licensed matches and when and where exhibitions are to be held; physical examination of contestants; excepting amateur matches and those held by schools and colleges; naming offenses by contestants; providing penalties for violation of the provisions thereof; providing compensation and expenses of the commission; providing for tax on gross receipts of matches and exhibitions authorized; disposition of receipts and fees; authorizing municipal commissions to continue; repealing sections of an act therein named; and for other purposes." Section 18 of this act, so far as material here, provided: "Every person who may conduct any match or exhibition under this act shall within 24 hours after the determination thereof furnish to the commission by mail, or to an authorized representative or inspector of the commission, a written report duly verified by such person, or one of its officers, showing the number of tickets sold for such contest and the amount of the gross receipts thereof, and such other matters as the commission may prescribe, and shall also within the said time pay to the State Athletic Commission a tax of 10% of the total gross receipts from the sale of tickets of admission and passes to such match or exhibition." In section 24 of this act, paragraph 8 of section 2 of the general tax act of 1935 (Code, § 92-607), quoted above, was expressly repealed. Finally in 1939 the General Assembly passed an act (Ga. L. 1939, p. 241) repealing the act of 1937 creating the State Athletic Commission in its entirety.

The exact question presented in this case is whether the act of 1939 repealing the act of 1937, which created the State Athletic Commission and repealed paragraph 8 of section 2 of the act of 1935, operated to revive and reinstate paragraph 8 of section 2 of the act of 1935, so that a person holding a boxing exhibition after the passage of the act of 1939 would be liable for the tax specified therein. The tax-collector of Fulton County, taking the affirmative view of this problem, notified the plaintiff, L. C. Warren, by letter on September 8, 1939, that he would be required to pay a tax of $200 as prescribed in the act of 1935 before he could stage a cer-

tain boxing match which he had scheduled for September 11. The plaintiff denied the existence of the tax, and applied to the superior court for injunction restraining the tax-collector "from collecting the tax referred to . . for the next exhibition to be promoted by this plaintiff, and . . from collecting or attempting to collect or from closing the doors of plaintiff's exhibition, and from issuing fi. fa. against this plaintiff." On interlocutory hearing the restraining order was dissolved, and an injunction was denied. The plaintiff excepted.

It was a general rule of statutory construction at the common law that when a repealing statute is itself repealed, the first statute is revived, without formal words for that purpose. 25 R. C. L. 184. This principle was stated in the early case of *Harrison* v. *Walker*, 1 *Ga.* 32. A typical case for the application of the principle is where the General Assembly passes an act merely repealing a former act, and thereafter repeals the repealing act. The basic logic of the rule is that the General Assembly in repealing the repealing act must necessarily intend that the original act be thereby revived and reinstated, since the original repealing act itself had no other effect than to abrogate the original enactment. "The rule itself rests upon the theory that each expression of the legislative mind represents the legislative intent at the time of that expression, and that the repealing statute indicates a change of the legislative purpose as expressed in the prior law; and therefore, when the repealing statute is in turn repealed, without any reference to the pre-existing law, the presumption is that the legislature intended by the repeal to restore the order of things existing under the repealed statute." *Butner* v. *Boifeuillet*, 100 *Ga.* 743, 749 (28 S. E. 464). The rule does not, in our opinion, fit the facts of the present case; and we must adopt the negative view of the question propounded, that is, that by the repeal of the act of 1937 paragraph 8 of section 2 of the act of 1935, which was expressly repealed by the act of 1937, was not thereby revived. The General Assembly, in the act of 1937 creating the State Athletic Commission, not only repealed paragraph 8 of section 2 of the act of 1935, but levied a new and different tax on athletic exhibitions, such as boxing bouts. This then expressed the legislative will of taxing such exhibitions in the manner therein pointed out. Accordingly, the repealing act of 1939 was not one which

merely repealed an act which had repealed paragraph 8 of section 2 of the act of 1935, but was one which repealed an act which had not only repealed said paragraph but had provided for a new and different tax on the same subjects dealt with therein. It was pointed out in the *Butner* case, supra, that the rule could "have no application in a case where the statute repeals absolutely a prior existing law, and substitutes for it another and more comprehensive scheme of legislation, which undertakes to deal with the whole subject to which the prior statute relates." The act of 1937 repealed absolutely that part of the act of 1935 levying a tax on boxing exhibitions, and substituted for it another and different tax; and it is our opinion that under the exception noted, upon the repeal of the act of 1937 the rule of revival does not apply. Especially are we constrained to take this view since the question is one concerning the liability for a tax. Courts should not permit the collection of a tax unless it is plain that it was the intention of the General Assembly to levy it. All doubt should be resolved in favor of the taxpayer. *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23; *Trustees of First Methodist Church* v. *Atlanta,* 76 *Ga.* 181, 188; *Blount* v. *Munroe,* 60 *Ga.* 61, 69; *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412, 414 (49 S. E. 262); *Mystyle Hosiery Shops Inc.* v. *Harrison,* 171 *Ga.* 430 (155 S. E. 765); *Vincent* v. *Poole,* 181 *Ga.* 718, 720 (184 S. E. 269). To us it makes no material difference that the act of 1937 was not itself a general tax act and dealt with but one of the several subjects dealt with by the act of 1935.

■ Having reached this conclusion, two other contentions stated in the brief of counsel for the defendant need be disposed of. The first of these may be stated as follows: As a general rule a court of equity will not intervene to enjoin the collection of a tax where no execution has been issued and levied on any of the property of the taxpayer, even though the taxing authorities may have demanded of him that he pay the tax. The plaintiff's petition for injunction was taken without this general rule solely by reason of the fact that he had been notified by the tax-collector that he would not permit him to stage his boxing bout if the tax was not paid, and by the allegation that the tax-collector would carry out his threat if not enjoined, and that such conduct would cause him irreparable injury and damage. Accordingly (as contended), since at the time of the hearing the scheduled exhibition had, under the

protection of the temporary restraining order, been duly held, and since no execution had been issued and levied on any of the property of the plaintiff, the court did not err in refusing to grant an injunction solely to restrain collection of the tax. We discover no merit in this contention. Equity had jurisdiction and authority to grant an injunction under the facts (as therein alleged) when the petition was presented and sanctioned, and the fact that at the time of the hearing part of the relief sought, enjoining the tax-collector from closing the plaintiff's boxing exhibition, was no longer appropriate for consideration, since the exhibition had been held under the protection of the temporary restraining order, should not prevent the court from retaining jurisdiction of the case for the purpose of determining the legality of the alleged tax and granting a permanent injunction against its collection. This is true even though we assume that had the petition merely shown a demand for the payment of the tax, this would not have authorized the court of equity to intervene and enjoin its collection. See *Pullman Co.* v. *Suttles,* 187 *Ga.* 217, 220 (199 S. E. 821), and cit.; *Hewin* v. *Atlanta,* 121 *Ga.* 723; *Howard* v. *Briarcliff Zoological Corporation,* 178 *Ga.* 595 (173 S. E. 391), and cit.; *McPhaul* v. *Simon,* 181 *Ga.* 260 (182 S. E. 19); *City of Atlanta* v. *King,* 182 *Ga.* 276 (184 S. E. 807); *Brimer* v. *Jones,* 185 *Ga.* 747 (196 S. E. 435). The principle underlying Code § 37-105 should control. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." *Newton Mfg. Co.* v. *White,* 47 *Ga.* 400; *Simpson* v. *Jones,* 182 *Ga.* 544, 548 (186 S. E. 558).

■ The remaining contention of the defendant is that no good purpose would have been served in granting an injunction restraining the tax-collector from collecting the tax, since the tax-commissioner of the State, who was not a party, is given concurrent jurisdiction with the tax-collector in the collection of such taxes. Code, § 92-5807. The answer to this is that the tax-collector of Fulton County and the State revenue commissioner are merely agents of the State, and that a judgment enjoining the tax-collector from collecting the tax on the ground that it did not exist would be binding on the State Revenue Commission. Any effort by the com-

**316**

missioner to collect the tax would be met with this judgment. We are of the opinion that the court erred in refusing to grant an injunction. *Judgment reversed. All the Justices concur.*