27174. BARRETT et al. v. CITY OF PERRY et al.

UNDERCOFLER, Justice. The principal issue in this appeal is whether the election of the Mayor and Councilmen of the City of Perry is by a majority or plurality vote. *Held:*

1. *Code Ann.* § 34A-1407 (a) of the Municipal Election Code provides: "(a) If the municipal charter or ordinance, as now existing or as amended subsequent to the effective date of this subsection, provides that a candidate may be nominated or elected by a plurality of the votes cast to fill such nomination or public office, such provision shall prevail. Otherwise, no candidate shall be nominated for public office in any primary or elected to public office in any election unless such candidate shall have received a majority of the votes cast to fill such nomination or public office." Ga. L. 1968, pp. 885, 977; 1970, pp. 341, 344.

This section clearly provides that a candidate may be elected by a plurality of the votes cast if the charter or ordinance of the municipality so provides.

In 1937 a new charter for the City of Perry was granted (Ga. L. 1937, p. 2029). Section 4 of this Act provides for the election of the mayor and council but does not state whether a majority or plurality vote is required. Section 15 of the Act deals with the election managers and rules for election and provides in part: "The persons receiving the highest number of votes for the respective offices shall be elected and shall be furnished with a certificate of election by the election managers, which certificate shall be evidence of election and shall entitle such person to take office." Section 20 provides: "In case of a tie between two or more candidates in any election for mayor and councilmen or either of them, or other elective officers, a new election as between candidates thus tied shall be ordered within ten days after the result has been declared, under the same registration list, and the person receiving the highest number of votes cast in said election shall be declared duly elected."

In 1964 (Ga. L. 1964, p. 2805) Section 4 of the charter of

the City of Perry was amended to provide that councilmen shall be elected by majority vote of the qualified voters. This Act contained a provision which repealed: "All laws and parts of laws in conflict with this Act . . . "

The 1964 Act thus impliedly repealed that part of Section 15 of the Act of 1937 which had allowed the election of councilmen by plurality of votes.

In 1970 (Ga. L. 1970, p. 2341) Section 4 of the charter was stricken in its entirety and a new Section 4 substituted. The new Section 4 was silent as to the vote required for election.

In *Butner v. Boifeuillet,* 100 Ga. 743, 748 (28 SE 464) this court said: "While the general rule seems to be that where the provisions of an Act, repealing a prior statute upon the same general subject, are in turn themselves repealed, such repeal operates to restore to their efficacy as law the provisions of the prior repealed statute, such general rule is not without clearly defined and well recognized exceptions. The rule itself rests upon the theory, that each expression of the legislative mind represents the legislative intent at the time of that expression, and that the repealing statute indicates a change of the legislative purpose as expressed in the prior law, and, therefore, when the repealing statute is in turn repealed, without any reference to the pre-existing law, the presumption is that the legislature intended by the repeal to restore the order of things existing under the repealed statute; but this rule can have no application in a case where the statute repeals absolutely a prior existing law, and substitutes for it another and more comprehensive scheme of legislation, which undertakes to deal with the whole subject to which the prior statute relates." To the same effect, see *Warren v. Suttles,* 190 Ga. 311 (1) (9 SE2d 172).

It follows that Section 15 of the original 1937 charter is controlling and the Mayor and Councilmen of the City of Perry are elected by a plurality of votes cast.

2. The appellants contend that the trial court had no au-

thority to dismiss the complaint for failure to state a claim.

*Code Ann.* § 81A-112 (b) provides that the defense of failure to state a claim upon which relief can be granted shall be treated as one for summary judgment when matters outside the pleading are presented to the court. Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106.

The parties stipulated certain facts in this case for consideration by the trial court and the motion to dismiss was properly treated as one for summary judgment.

3. The appellant further contends that the 1970 amendment to Section 4 of the city's charter (Ga. L. 1970, p. 2341) is void because it was not submitted to the United States Attorney General for his approval or rejection (79 Stat. 445, 42 USCA 1973c).

Without deciding whether this question can be raised in a State court (see 42 USCA 1973j (f), the Municipal Election Code of 1968 (*Code Ann.* § 34A-1407 (a)) was approved by the Attorney General of the United States on July 11, 1968 (with certain exceptions not involved with this section).

Division 1 of this opinion holds that the Municipal Election Code of 1968 (*Code Ann.* § 34A-1407) clearly allows the type of amendment passed by the legislature in 1970 amending Section 4 of the city charter. Therefore, the 1970 charter amendment did not have to be submitted to the Attorney General for his approval. See Jenness v. Little, 306 FSupp. 925 (2).

4. The trial court properly dismissed the complaint.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

ARGUED MAY 8, 1972—DECIDED JUNE 16, 1972.

*Jones, Cork, Miller & Benton, Carr G. Dodson, Rufus D. Sams, III,* for appellants.

*Aultman, Hulbert, Cowart & Daniel, D. P. Hulbert, Tom W. Daniel, Spencer, Smith & Williams, R. Thomas Spencer,* for appellees.

GUNTER, Justice, dissenting. The issue to be decided here is whether a majority vote or a plurality vote is required to elect a person to the office of mayor in the City of Perry, and whether a majority vote or a plurality vote is required to elect a person to the office of councilman in the City of Perry.

This action arose because none of the candidates for mayor in the December, 1971 election received a majority of the votes cast, and none of the candidates for one council post received a majority of the votes cast in that election.

The 1937 charter for the City of Perry provided for the election of the mayor and council, but it did not state explicitly in Section 4 whether a majority vote or a plurality vote was required for election. However, Section 15 of the 1937 charter provided in part as follows: "The persons receiving the highest number of votes for the respective offices shall be elected and shall be furnished with a certificate of election by the election managers, which certificate shall be evidence of election and shall entitle such person to take office."

Therefore, it is my opinion that the 1937 charter of the City of Perry provided for election of a mayor and the members of the council by a plurality vote.

In 1964 the 1937 charter was amended by adding to Section 4 of the original charter a provision that the six council posts should be numbered 1 through 6, a provision that election to such specific post shall be by majority vote, and a further provision providing for a run-off election between the two candidates with the highest number of votes. No mention was made of the office of mayor in the 1964 Act. Section 2 of the 1964 Act provided that "all laws or parts of laws in conflict with this Act are hereby repealed." Ga. L. 1964, p. 2805.

It seems clear to me that after the 1964 Act became law the Mayor of Perry could still be elected by a plurality vote, but the six councilmen had to be elected by majority vote, and if none of the candidates for a council post received a majority in the first election, then a run-off elec-

tion was required between the two candidates having the highest number of votes in the race for that post. The 1964 Act repealed that part of Section 15 of the 1937 charter which said, as I interpret it, that councilmen could be elected by plurality vote. The 1964 Act did not repeal that part of Section 15 of the 1937 charter which said, as I interpret it, that the mayor could be elected by plurality vote.

In 1968 the General Assembly enacted the Georgia Municipal Election Code. A provision of that Code provided that candidates for municipal office could be elected by a plurality vote if the municipal charter or a municipal ordinance authorized election by plurality. Otherwise, candidates for municipal office were required to be elected by majority vote. See *Code Ann* § 34A-1407 (a).

In 1970 the General Assembly amended the 1937 charter of the City of Perry as amended by the 1964 Act by striking Section 4 of the charter in its entirety and replaced it with a new Section 4. This new Section 4 of the charter essentially provided that the candidates elected to the council in 1970 would serve a term of 3 years, that the mayor and those candidates elected to the council in 1971 would serve for a term of 4 years, and that after the 1970 election all candidates elected to succeed the mayor and councilmen would be elected to and serve 4-year terms. The 1970 Act made no mention of whether election was to be by plurality or majority. See Ga. L. 1970, p. 2341.

I conclude from the foregoing that the Mayor of Perry was originally (meaning 1937) elected by plurality vote; the manner of electing the Mayor of Perry has not subsequently been changed by any of the statutes referred to; and the Mayor of Perry could be and was elected by plurality vote in the election of December, 1971.

With respect to the six members of the council, they could originally be elected by plurality vote up until the 1964 Act became law; the 1964 statute repealed the 1937 statute with respect to the election of councilmen by plurality vote and required that councilmen, as distinguished

from the mayor, be elected thereafter by majority vote; the 1968 general law, Georgia Municipal Election Code, provided that unless a municipal charter provided for election by plurality, then all municipal officers must be elected by majority vote; the 1970 statute repealed the 1964 statute which had provided for election of councilmen by majority vote; the 1970 statute left the city charter silent as to whether members of the council were to be elected by plurality vote or majority vote; and when the General Assembly enacted the 1970 statute it knew or should have known that when a municipal charter is silent concerning election by plurality or majority, then the Georgia Municipal Election Code takes over and requires the election of municipal officers by majority vote.

I conclude that at the 1971 election a candidate for councilman in Perry had to be elected by majority vote. Since no candidate for the office of councilman for Post No. 5 received a majority of the votes cast in the election, and since no run-off election was held between the two candidates receiving the highest number of votes, I am of the opinion that the complaint of the appellants stated a claim for relief (the holding of a run-off election for councilman Post No. 5) and that the relief sought with respect to the election of a councilman for Post No. 5 must be granted.

I should add that I am of the opinion that when the 1970 statute repealed the 1964 statute (providing for election by majority vote for councilmen) and Section 4 of the 1937 statute, this did not have the effect of reviving or restoring the provision in Section 15 of the 1937 statute permitting election of councilmen by plurality vote, because that provision in Section 15 had been repealed by the 1964 statute. And the Georgia Municipal Election Code, requiring election by majority vote in this instance, had intervened in 1968 between the 1964 statute and the 1970 statute.

In the case of *McCants v. Layfield,* 149 Ga. 231, 234 (99 SE 877) Mr. Justice Gilbert, speaking for this court, said: "When the Act of 1918 was approved there were valid laws of general nature, of uniform operation throughout the

State, providing for the election of county treasurer. [Citations]. The moment that the Act of the General Assembly of 1918 was approved by the Governor the former Act of 1916, which abolished the office of county treasurer of Taylor County, was repealed, and the office of county treasurer of Taylor county was restored and became subject to all of the laws of the State which were applicable to county treasurers of all other counties."

The analogy here seems clear to me: When the General Assembly enacted the 1970 statute silencing the city charter with respect to plurality vote or majority vote for councilmen, the general law (*Code* § 34A-1407) became vocal, and it speaks plainly the requirement of election by majority vote.

I do not subscribe to and would not perpetuate a rule which says that Statute A (or any part thereof), after being repealed by Statute B, is automatically revived and given new life by the subsequent repeal of Statute B. Such a rule should be relegated to a legal era that is past, and it should be allowed a peaceful repose. It is my view that legislation once repealed can only be given new life by affirmative enactment by the law-making body. Two negatives do not make a positive.

Being of the opinion that the charter of Perry permits the election of the mayor by plurality vote, and being of the further opinion that the charter of Perry is silent as to the election of councilmen by plurality or majority vote, thereby bringing into effect the general law requiring election of councilmen by majority vote, I would reverse the judgment below, directing that a judgment be entered denying relief with respect to the election of the mayor but granting the relief sought with respect to the election of councilmen by majority vote, I would reverse the judgment below, directing that a judgment be entered denying relief with respect to the election of the mayor but granting the relief sought with respect to the election of the councilman for Post No. 5.

I respectfully dissent.

I am authorized to state that Justice Hawes joins me in this dissent.