S08A0177. CITY OF WILLACOOCHEE v. THE SATILLA RURAL ELECTRIC MEMBERSHIP CORPORATION.
(657 SE2d 232)

CARLEY, Justice.

The City of Willacoochee (City) enacted an ordinance which imposed a 4% tax on the gross revenue paid to a secondary electricity supplier by residents of the municipality. Before the first payment of the tax ever became due, however, the Satilla Rural Electric Membership Corporation (EMC) filed suit, seeking declaratory judgment as to the invalidity of the ordinance and injunctive relief against its enforcement. Several days after the complaint was filed and before the City answered, the trial court conducted a hearing to address the issue of injunctive relief. The following day, the trial court "pronounced an oral directive . . . , directing the City . . . to suspend any efforts to collect [the] tax against [t]he [EMC] based on [t]he Ordinance . . . , pending further order of the Court."

---

More than a year later, the trial court entered a written "Interlocutory Order," temporarily enjoining the City from collecting the tax from the EMC. Pursuant to OCGA § 5-6-34 (a) (4), the City appeals directly from that order.

1. The City urges that the trial court erred in granting an interlocutory injunction, because the ordinance did not pose any imminent danger to the financial interest of the EMC.

> Where suit is filed in a court of equity, seeking to enjoin the enforcement of a municipal ordinance . . . , and where it appears that no arrest has been made, no property levied upon, and there has been no other interference with the person or property rights of the petitioner, but that the petition is based upon a threat or mere apprehension of injury to person or property rights, it is proper to refuse an interlocutory injunction. [Cits.] Injunction is an extraordinary process, and the most important one which courts of equity issue; being so, it should never be granted except where there is grave danger of impending injury to person or property rights, and a mere threat or bare fear of such injury is not sufficient. [Cits.] And it is error for the court to grant an interlocutory injunction in a case where the plaintiff has an adequate remedy at law. [Cit.]

*Thomas v. Mayor &c. of Savannah*, 209 Ga. 866-867 (3) (76 SE2d 796) (1953).

In support of the contention that the trial court erred in granting the interlocutory injunction, the City relies upon EMC's allegation in its complaint that the "first monthly payment [of the tax] will come due [in three weeks], and if not paid the ordinance provides for an execution to be filed against the [EMC] for the collection of same."

> As a general rule a court of equity will not intervene to enjoin the collection of a tax where no execution has been issued and levied on any property of the taxpayer, even though the taxing authorities may have demanded of him that he pay the tax.

*Warren v. Suttles*, 190 Ga. 311, 314 (2) (9 SE2d 172) (1940). The allegation in EMC's complaint was an admission that its claim for injunctive relief was within this "general rule," since it "merely [showed] a demand for the payment of the tax, [and] this would not have authorized the court of equity to intervene and enjoin its collection. [Cits.]" *Warren v. Suttles*, supra at 315 (2). Because, under the circumstances, the EMC did not face any imminent threat to its

financial interest, its claim for a declaratory judgment as to the invalidity of the ordinance was an adequate legal remedy. However, after conducting the hearing on the EMC's request for an interlocutory injunction, the trial court issued its "oral directive" prohibiting the City from collecting the tax and then, more than a year later, entered the written "Interlocutory Order" temporarily enjoining the City from doing so.

The EMC contends that the "Interlocutory Order" was, in effect, a ruling on its claim for declaratory judgment and a final adjudication by the trial court as to the invalidity of the ordinance. By its terms, however, the order does not purport to make a final determination as to the merits of the EMC's contention that the ordinance is not valid, but unambiguously states that its sole effect is "temporarily" to enjoin the City "from seeking to collect any four per cent gross receipts tax pursuant to its . . . Ordinance as to the [EMC] and, further from seeking to place any execution against said [EMC] pursuant to said Ordinance." This was clearly the grant of an interlocutory injunction, and not, as the EMC contends, a final adjudication of the merits of its claim for declaratory judgment. " 'The purpose of an interlocutory injunction is preliminary and preparatory; it looks to a future final hearing, and while contemplating what the result of that hearing *may be*, it does not settle what it *shall be*.' [Cit.]" (Emphasis in original.) *Byelick v. Michel Herbelin USA*, 275 Ga. 505, 506-507 (2) (570 SE2d 307) (2002).

Accordingly, the erroneous grant of an interlocutory injunction is reversed, and the case is remanded for a determination of the merits of the EMC's declaratory judgment claim regarding the alleged invalidity of the City's ordinance.

2. Remaining enumerations of error are moot in light of the holding in Division 1.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*William A. King, John M. King*, for appellant.
*Powell Goldstein, George P. Watson, C. Jerome Adams*, for appellee.