# Court of Appeals
# of the State of Georgia

ATLANTA,    June 26, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0107. INDIA-AMERICAN CULTURAL ASSOCIATION, INC. v. ILINK PROFESSIONALS, INC.**

India-American Cultural Association, Inc., (IACA) appealed to this Court following the trial court's entry of an interlocutory injunction against it and in favor of iLink Professionals, Inc. (iLink).  In its complaint, iLink sought injunctive relief and damages, asserting against IACA service mark infringement, deceptive trade practices, and related claims. In its order granting the interlocutory injunction, the trial court enjoined IACA (and other delineated persons) from using or displaying the service marks at issue, and from engaging in other specified conduct related to the lawsuit, until further order of the court.

In this appeal, IACA contends that the interlocutory injunction was not authorized because, in granting the injunction, the trial court disregarded IACA's established rights and altered the status quo.[1]

The Georgia Constitution grants the Supreme Court general appellate

---

[1] See *Grossi Consulting v. Sterling Currency Group*, 290 Ga. 386, 388 (1) (722 SE2d 44) (2012) ("The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case. Stated otherwise, an interlocutory injunction is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication.") (citations and punctuation omitted); *Allen v. Hub Cap Heaven*, 225 Ga. App. 533, 540 (8) (484 SE2d 259) (1997) ("Though whether to grant an interlocutory injunction is within the discretion of the superior court judge, under the discretion vested in him, no judge has authority to disregard or even to impair any acknowledged or established right of a party by its exercise, and if he does so, he abuses that discretion. The power ought to be exercised in favor of the party having the legal right.") (citation and punctuation omitted).

jurisdiction over "all equity cases."[2] "'Equity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied."[3]

In this case, substantive issues on appeal involve the legality or propriety of the injunctive relief ordered by the trial court. Specifically, IACA asserts that, given IACA's legitimate claim of ownership and use of the service marks for over 20 years, the grant of the interlocutory injunction improperly works to *disrupt*, rather than *preserve*, the status quo.[4] IACA further asserts that, in issuing an interlocutory injunction, the court has no authority to disregard or impair any acknowledged or established right of a party by that exercise;[5] but that the court has done so in this case.

It is well-settled that the ultimate responsibility for determining appellate jurisdiction is vested in the Supreme Court.[6]

Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>06/26/2014</u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____, *Clerk.*

---

[2] Ga. Const. of 1983, Art. IV, Sec. VI, Par. III (2).

[3] *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991).

[4] *Unified Gov't. v. Stiles Apts., Inc.*, 290 Ga. 740, 741 (1) (723 SE2d 681) (2012) ("[T]he sole purpose for granting interlocutory injunctions is to preserve the status quo of the parties pending a final adjudication of the case.") (citation and punctuation omitted); see generally *Grossi Consulting*, supra.

[5] See *Allen*, supra.

[6] See *Saxton v. Coastal Dialysis & Medical Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996).