Thompson, Chief Justice,
dissenting.
Because the 1986 amendment to the State-wide Probation Act abrogated common law tolling in significant part with regard to all felony and misdemeanor probationers, I cannot conclude that when the General Assembly removed some misdemeanor probationers in 1991 from the scope of the State-wide Probation Act,[8] it intended to revive the common law of tolling for those probationers.
The majority opinion properly finds that common law tolling was applied by the courts of this State to misdemeanor probationers prior to the legislature’s enactment of a tolling statute in 1958 as an amendment to the State-wide Probation Act of 1956 set forth in Article 2, Chapter 8 of Title 42 of Georgia’s Probation Code. Even assuming, however, that the tolling statute as originally passed simply codified the common law,[9] the subsequent addition to the *861 statute in 1986 of language providing that “[t]he effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus” abrogated common law tolling by establishing a requirement which must be met prior to the tolling of a defendant’s sentence. Compare Ga. L. 1958, p.15, § 9 with Ga. L. 1986, p. 492, § 1. See Campbell v. State, 280 Ga. App. 561, 563 (634 SE2d 512) (2006). This amendment significantly altered the common law of tolling which provided that a sentence was tolled from the date the defendant stopped serving it. Thus, while a court under the common law could determine in month five of a six-month sentence that the defendant had stopped serving his sentence on day one and toll the defendant’s sentence from that date, following the 1986 amendment, a court could only toll a defendant’s sentence from the date a warrant non est inventus was returned. Accordingly, if the probation officer or other official returned the warrant non est inventus in the fifth month of a six-month sentence, the defendant would be considered to have served five months of his sentence before tolling began. The requirement that a purposeful search be made to locate a probationer before tolling his or her sentence was an important new protection accorded probationers. See Campbell, 280 Ga. App. at 562. See also Sentinel Offender Sves., LLC v. Glover, 296 Ga. 315, 320, n. 10 (766 SE2d 456) (2014) (“Sentinel F). Compare Neal v. State, 104 Ga. 509, 518-519 (30 SE 858) (1898).
Having thus abrogated common law tolling for all probationers by express statutory enactment, the legislature in 1991 subsequently enacted OCGA § 42-8-30.1 which limited application of the provisions of the State-wide Probation Act to felony probationers and those misdemeanor probationers whose probation was administered by the Department of Corrections (“DOC”). Simultaneously with the enactment of this statute, however, the legislature amended Georgia’s Probation Code by adding Article 6 which contained two new statutory provisions, OCGA §§ 42-8-100 and 42-8-101. See Ga. L. 1991, p. 1136, § 2. These provisions authorized counties to establish their own probation systems to handle misdemeanor probationers or to contract with private probation providers to do so, and created an Advisory Council specifically charged with “promulgating] rules and regulations regarding contracts or agreements for probation services [as authorized under this statute] and regarding standards and *862 qualifications in the provision of probation services in the probate court or magistrate court.” See OCGA §§ 42-8-100 and 42-8-101, Ga. L. 1991, p. 1136, § 2. Since that time, “[statutes specific to misdemeanor probation systems are codified in Article 6 of Title 42, Chapter 8, which encompasses Code sections 42-8-100 through 42-8-108.” Sentinel I, 296 Ga. at 329, n. 24.
While Article 6 contains many provisions similar to those set forth in the State-wide Probation Act, compare OCGA § 42-8-34 (g) with OCGA § 42-8-100 (g), prior to 2015, it contained no language which “contemplate[d] the tolling of a probationer’s sentence based on his or her alleged status as a fugitive as specifically allowed by the tolling provisions found in Article 2” of Georgia’s Probation Code. Sentinel I, 296 Ga. at 329, n. 24. Significantly, while the legislature’s enactment in 1991 of OCGA § 42-8-30.1 repealed the State-wide Probation Act and thus its tolling provisions as to some misdemeanor probationers, it did not otherwise repeal the tolling statute which remained in full force and effect for all felony probationers and some misdemeanor probationers. See Ga. L. 1991, p. 1135, § 1; Sentinel I, 296 Ga. at 327 (3). Under these facts, I believe it would be error to assume that by making statutory tolling in Georgia inapplicable to some, but not all, misdemeanor probationers in 1991, the legislature intended to revive common law tolling only as to these probationers. See Warren v. Suttles, 190 Ga. 311, 313-314 (9 SE2d 172) (1940).
We have held that the repeal of a statutory provision codifying the common law “without more” leaves the common law applicable to that question “in full force and operation.” See State v. Chulpayev, 296 Ga. 764, 782 (770 SE2d 808) (2015); Gray v. Obear, 54 Ga. 231, 234 (1875). As previously stated, at the time of its implicit repeal in 1991 as to some misdemeanor probationers, OCGA § 42-8-36 did not simply codify the common law, but evidenced a significant departure from it. Because the General Assembly made a concerted effort to depart from common law tolling as to misdemeanants and felons in 1986, continues to do so as to felons,[10] and has now, in response to our *863 decision in Sentinel I, amended Article 6 of the Georgia Probation Code to include a tolling statute applicable to misdemeanants which incorporates protections for misdemeanants well beyond those available under common law, I cannot conclude that by exempting some misdemeanor probationers from application of the State-wide Probation Act in 1991, and all misdemeanants as of 2001, the legislature intended to revive common law tolling in such a piecemeal fashion. See Butner v. Boifeuillet, 100 Ga. 743, 748-750 (28 SE 464) (1897); Warren, 190 Ga. at 313-314.
We have reached a similar conclusion with regard to the issue of the revival of statutes enacted and then repealed by the General Assembly. See Butner, 100 Ga. at 748-750; Warren, 190 Ga. at 313-314. In Butner, this Court acknowledged that the general rule of statutory construction at common law provided that when a repealing statute was itself repealed, the first statute was revived, but noted that there were clearly defined and well-recognized exceptions to this rule. 100 Ga. at 748. As this Court explained:
The rule itself rests upon the theory that each expression of the legislative mind represents the legislative intent at the time of that expression, and that the repealing statute indicates a change of the legislative purpose as expressed in the prior law; and, therefore, when the repealing statute is in turn repealed, without any reference to the pre-existing law, the presumption is that the legislature intended by the repeal to restore the order of things existing under the repealed statute. But this rule can have no application in a case where the statute repeals absolutely a prior existing law, and substitutes for it another and more comprehensive scheme of legislation, which undertakes to deal with the whole subject to which the prior statute relates.
Id. (emphasis supplied). See Warren, 190 Ga. at 313-314 (relying on Butner to hold that the general rule reviving previous law had no application in case where the first repealing statute not only repealed the prior existing law, but had substituted for it another and more comprehensive scheme of legislation dealing with the subject matter to which the prior statute related). As in Butner and Warren, I believe the general rule does not apply in this case and that common law tolling was not revived upon the legislature’s repeal of the State-wide Probation Act as to misdemeanor probationers and its corresponding creation of a separate statutory framework.
*864 Decided March 25, 2016
Reconsideration denied April ll, 2016.
James A. Yancey, Jr., for appellant.
Swift Currie McGhee & Hiers, John W. Campbell, Ashley D. Alfonso, Frederick O. Ferrand; Hecht Walker, Gregory K. Hecht, Joseph W. Cloud, for appellee.
Tucker, Everitt, Long, Brewton & Lanier, Thomas W Tucker, John B. Long; Bell & Brigham, John C. Bell, Jr.; John R. B. Long; Lauren S. Lucas, amici curiae.
Over the past half-century since the legislature first passed a tolling statute, it has revised and refined this statute through numerous iterations. At all times prior to 1991, these changes applied to all misdemeanor, as well as felony probationers. This evolution and the case law supporting it reflects the will of the legislature specifically as to the manner by which a probationer’s sentence may be tolled. As the clear legislative intent of OCGA § 42-8-30.1 when first passed in 1991 was to create a separate probation system under Article 6, Chapter 8 of Title 42 for those misdemeanor probationers whose probation had been removed from the purview of state probation officers under the State-wide Probation System set forth in Article 2, I do not believe that the general rule allowing for a revival of the common law applies in this case and thus conclude that tolling was not authorized for privately supervised misdemeanor probated sentences under Georgia common law.
For the foregoing reasons, I must respectfully dissent.
I am authorized to state that Justice Benham joins in this dissent.

 I note that the legislature’s subsequent amendment to OCGA § 42-8-22, limiting application of the State-wide Probation Act to felony probationers, effectively removed any remaining misdemeanor probationers from the purview of its provisions. See Ga. L. 2000, p. 1643, § 2.

 Pursuant to an amendment to the State-wide Probation Act in 1958, “[t]he failure of a probationer to report to his probation officer as directed . . . shall automatically suspend the running of the [probated] sentence and such period of time shall not be included in computing creditable time served on probation nor as any part of the time that the probationer shall have been sentenced to serve.” Ga. L. 1958, pp. 15,22, § 9. What the common law of tolling actually entailed and whether the 1958 tolling statute simply codified the common law is not entirely clear. In Neal v. State, 104 Ga. 509, 519 (30 SE 858) (1898), on which many of the pre-statutory *861 tolling cases rely, see Daniel v. Persons, 137 Ga. 826, 828 (74 SE 260) (1912); Norman v. Rehberg, 12 Ga. App. 698 (78 SE 256) (1913), it was determined that the common law permitted a sentencing court, which had improperly suspended a defendant’s six-month sentence, to thereafter at any time and without notice to the defendant or providing him with an opportunity to be heard, issue an order requiring the defendant to begin serving his entire sentence.

 Since 1986, the General Assembly has continued to amend OCGA § 42-8-36 in ways that abrogate the commonlaw of tolling as to felons. See Ga. L. 1987, p. 455 (revising OCGA § 42-8-36 (a) to say that a probationer’s sentence is not tolled once the probationer is “available to the court”); Ga. L. 1989, p. 452 (revising OCGA § 42-8-36 to say that, when “the probation supervisor submits an affidavit to the court stating that a probationer has absconded and cannot be found, the running of the probated sentence shall be suspended effective on the date such affidavit is submitted to the court and continuing until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court”); Ga. L. 2010, p. 557 (most favorably of all the revisions for felony probationers, this revision says that whatever the basis for the tolling, “the effective date of the tolling of the sentence shall be the date the court enters a tolling order”).