In the Supreme Court of Georgia

Decided: June 6, 2016

S16A0516.  MAYS v. SOUTHERN RESOURCES CONSULTANTS, INC.

HINES, Presiding Justice.

This is an appeal from the superior court's grant of an interlocutory injunction[1] in this action for interlocutory and permanent injunctive relief, damages, attorney fees, and costs based upon claims of  breach of contract, violation of the Georgia Trade Secrets Act of 1990,[2] and unjust enrichment. The litigation involves  a contract between a corporation providing residential services for developmentally-disabled individuals and one of its providers. For the reasons which follow, we reverse in part and vacate in part the interlocutory injunction, and remand.

Southern Resources Consultants, Inc. ("SRC") is a Residential Service Provider ("RSP"), contracting with the Georgia Department of Behavioral

---

[1]The superior court titled the order at issue as a temporary restraining order; however, in substance it is in the nature of an interlocutory injunction.

[2]OCGA §§ 10-1-760 to 10-1-767.

Health and Developmental Disabilities ("DBHDD") and the Georgia Department of Community Health ("DCH") to, inter alia, operate group homes and provide care and oversight for Medicaid-funded individuals with developmental disabilities. Linda Mays ("Mays") contracted with SRC to be a Host Home Provider ("HHP") for one such woman, S.F., from approximately 2006 until May 31, 2014. S.F. became dissatisfied with SRC, and requested that her case manager, who was the Guardianship Case Manager for the Division of Aging Services of Georgia's Department of Human Services ("DHS"), which was S.F.'s legal guardian, change S.F.'s RSP. At the time of the request, DBHDD policy prohibited a HHP from terminating its contract with a RSP, such as SRC, and then continuing to serve the individual who had been in the care of the HHP. Consequently, at S.F.'s behest and believing it to be in S.F.'s best interests, the case manager requested a waiver of such policy from DBHDD so that S.F. could remain in Mays's host home despite the termination of Mays's relationship with SRC. DBHDD granted the waiver.

Effective June 15, 2014, SRC was terminated as S.F.'s RSP, and S.F. instead began to receive services from a new RSP, Southern International Living ("SIL"). Mays then contracted with SIL so that S.F. could remain in her home

2

and care. On June 23, 2014, SRC filed suit against Mays for breach of purported confidentiality[3] and non-compete[4] provisions in the *"Work for Hire Agreement/ Contract/ Subcontract Agreement" (*"Contract"*)* entered into by SRC and Mays on or about August 1, 2008, and for violation of the Georgia Trade Secrets Act of 1990 ("GTSA"), and subsequent unjust enrichment.

Mays was served on August 4, 2014. On August 29, 2014, SRC filed a

---

[3]Paragraph 6 of the Contract provided:

CONFIDENTIALITY. Host Provider will not at any time or in any manner, either directly or indirectly, use for the personal benefit of Host Provider, or divulge, disclose, or communicate in any manner any information that is proprietary to SRC, Inc. or information that may considered private to the consumer, including that information which is protected by the regulations referred to as HIPAA rules / regulations. Host Provider will protect such information and treat it as strictly confidential. This provision shall continue to be effective after the termination of this Agreement. Upon termination of this Agreement, Host Provider will return to SRC, Inc all records, notes, documentation and other items that were used, created, or controlled by Host Provider during the term of this Agreement.,

[4]Paragraph 8 of the Contract provided:

NON-COMPETE AGREEMENT. For a period of 180 Days after the termination of this Agreement, Host Provider will not directly or indirectly engage in any business that competes with SRC, Inc., for this / these consumer(s). The Host Provider may not serve this / these consumer(s) with another company or agency in lieu of SRC as the "Provider." This covenant shall apply to the geographical area that includes any of the DHR regions in which SRC currently is operating (or DHR Region(s) that are immediately adjacent to DHR Regions in which SRC currently operates same or similar programs) similar or the same programs. Host Provider agrees that this non-compete provision will not adversely affect the livelihood of Host Provider. If violation of this agreement occurs the Host Provider agrees to be liable for the legal fees and other related fees or costs encountered by SRC in regard to any legal matter pertaining to violation of this provision.

3

"Motion for Preliminary Injunction and Expedited Hearing on Motion for Preliminary Injunction." Mays filed a verified answer on September 3, 2014, and on September 9, 2014, the superior court entered, in essence, a temporary restraining order against Mays ("TRO"). The following day, Mays filed an "Emergency Motion to Modify or Rescind Temporary Restraining Order," and on September 11, 2014, the superior court issued an order modifying the prior injunctive order and specially setting an emergency hearing on September 16, 2014 to show cause as to why SRC's request for a permanent injunction should be granted. Following such hearing, on September 16, 2014, the superior court issued the present interlocutory injunction which contains three provisions - the first ordered Mays, pursuant to Paragraph 6 of the Contract, to not possess or disseminate SRC's confidential information which was required to be returned to SRC,[5] the second ordered Mays to cease and desist providing services to S.F.

---

[5]This provision stated:

> (1) Defendant [Mays] shall not possess or disseminate SRC's confidential, proprietary and other trade·secret information in violation of the *Work for Hire Agreement/ Contract/ Subcontract Agreement* entered by the parties on or about August 1, 2008. All such confidential, proprietary and trade secret information was required to be returned to SRC in the Court's prior Order.

4

no later than September 19, 2014, as required by Paragraph 8 of the Contract,[6] and the third ordered Mays, also pursuant to Paragraph 8 of the Contract, to not possess or disseminate S.F.'s private information after September 19, 2014.[7] Mays filed the present appeal.[8]

1. An interlocutory injunction is granted in order to preserve the status quo, and balance the conveniences of the parties, pending a final resolution of the litigation. *Grossi Consulting, LLC v. Sterling Currency Group, LLC*, 290 Ga. 386, 388 (1) (722 SE2d 44) (2012). Such an injunction may issue after balancing the relative equities of the parties, if it appears that the equities favor the party seeking the injunction. *Bernocchi v. Forcucci*, 279 Ga. 460, 461(1)

---

[6]This second provision stated:

> Defendant [Mays] is ordered to cease and desist from providing Host support care/personal support/respite care services to the SRC Consumer known as S.F. no later than Friday, September 19, 2014, as required by the *Work for Hire Agreement/Contract/ Subcontract Agreement*.

[7]The third provision stated:

> Pursuant to the *Work for Hire Agreement/ Contract/ Subcontract Agreement*, Defendant ·[Mays] shall not possess or disseminate S.F.'s private information after Friday, September 19, 2014. Prior to that, Defendant [Mays] shall disseminate S.F.'s private information only to the extent necessary to provide necessary care and effectuate the transfer of S.F. to another care provider, if necessary. All such private information was required to be returned to SRC in the Court's prior Order.

[8]On September 18, 2014, this Court granted Mays's emergency motion to stay the interlocutory injunction pending further order of this Court.

(614 SE2d 775) (2005). The trial court's power to grant the relief is discretionary with such power to be prudently and cautiously exercised and based upon the circumstances of each case. *Davis v. VCP S., LLC*, 297 Ga. 616, 621 (1) (b) (774 SE2d 606) (2015). And, this Court will not disturb an injunction fashioned by the trial court unless a manifest abuse of discretion is shown or unless there was no evidence upon which to base the ruling. *Bernocchi v. Forcucci*, supra at 461 (1). That is precisely the situation with regard to the first provision of the interlocutory injunction ordering Mays not to possess or disseminate SRC's confidential information which was required to be returned to SRC by a prior order of the superior court; the evidence did not support it. In fact, the evidence was quite to the contrary.

The parties now concede and the transcript of the hearing on the interlocutory injunction reveals that by the time of the hearing Mays had already returned to SRC all the alleged SRC confidential information at issue and that she did not then possess and was not disseminating it. Thus, there was no evidence upon which to base a directive to Mays that she was not to continue to possess or disseminate SRC's confidential, proprietary, and other trade secret information; indeed, such ruling was requiring Mays to perform acts which she

6

could not do.  Consequently, the relief granted in the first provision of the interlocutory injunction is a nullity and must be reversed.  Id.

2.  As to the second and third provisions of the interlocutory injunction, they are inextricably entwined and are based upon the "Non-Compete Agreement" as stated in Paragraph 8 of the Contract, which paragraph has expired.  Consequently, and as the parties' agree, these provisions of the interlocutory injunction are now moot.  See *Babies Right Start v. Georgia Dep't of Pub. Health*, 293 Ga. 553 (748 SE2d 404) (2013).

Accordingly, the interlocutory injunction is hereby reversed in part and vacated in part, and the case is remanded to the superior court for proceedings consistent with this opinion.[9]

Judgment reversed in part and vacated in part, and case remanded.  All the Justices concur.

---

[9]By this opinion, this Court makes no determinations regarding the merits of the underlying causes of action.